ORKIN EXTERMINATING COMPANY, INC., v. W. H. WILSON.

(Filed 18 December, 1946.)

**1. Appeal and Error § 40d—**

Where appellant has made no request for findings, his exceptions to each of the findings of fact will not be sustained when the findings are supported by the evidence.

**2. Contracts § 7a: Injunctions § 4a—**

Restrictive covenants in a contract of employment, executed when an employee is raised from a service man to general manager, providing that

the employee for a period of two years from the termination of the employment should not engage in the same business within a defined territory comprising thirteen counties of the State or solicit or sell the employer's customers, *are held* reasonable in regard to time and territory and enforceable by restraining order.

APPEAL by defendant from *Rousseau, J.,* at 16 September Term, 1946, of FORSYTH.

Civil action to restrain defendant for a period of two years from 14 January, 1946, from (1) calling upon or soliciting any of the customers of plaintiff or (2) selling to any of said customers any exterminating, fumigating or pest control service, or (3) engaging in such business in the Winston-Salem territory, or (4) violating any of the covenants and agreements contained in his certain contract with plaintiff, heard upon notice to show cause why temporary restraining order should not be made permanent for said period of time.

When the case came on for hearing, upon such notice, the parties, together with their counsel, being present, plaintiff offered evidence, and defendant in reply offered evidence, all as appears of record, and, after argument of counsel, the court found facts, briefly stated, as follows:

Prior to 29 March, 1945, defendant was employed by plaintiff as service man and paid upon hourly basis, 72 cents per hour, for services rendered. On 29 March, 1945, plaintiff and defendant entered into another contract by the terms of which plaintiff employed defendant as manager of its business in the Winston-Salem territory, comprising thirteen counties in and around the city of Winston-Salem and in the State of North Carolina, at salary of $200 per month, etc.

In this contract it is recited that plaintiff is engaged in the exterminating, fumigating and termite control business, which requires secrecy in connection with the methods and systems employed in eradicating and controlling certain pests; that it had established and was then maintaining at great expense large, valuable and extensive trade with substantial number of customers, whose names were within the exclusive knowledge of plaintiff and of great value to it; and that a great loss and damage will be suffered by plaintiff if, during the term of the contract or for a period of two years immediately following termination of same, defendant should for himself or on behalf of or in conjunction with any others, call upon, solicit, sell or endeavor to sell or solicit any customers of plaintiff, or use any of the methods or systems employed by it in its business within said territory, etc., for which, by reason of his financial condition, defendant could not be compelled by law to respond in damages in any action at law.

The contract further shows that the parties "for and in consideration of the premises and mutual covenants therein contained, and by them

respectively to be kept and performed," agreed upon the terms of the employment. And defendant therein agreed, summarily stated, that at no time during the term of the agreement or for a period of two years immediately following the termination of the employment will he, for himself or on behalf of any other person, persons, firm, partnership or corporation, (1) call upon any customer of plaintiff in said territory for the purpose of soliciting or selling any exterminating, fumigating or termite control service, or (2) directly or indirectly solicit, divert or take away any such customers, or (3) engage in the pest control business or in any business engaged in such eradication or control within said territory, or (4) disclose to any person any of the secrets, methods or systems used by plaintiff in or about its business, or (5) service contracts and accounts or work in said territory for himself or any other selling any kind of pest control service, or any service items or products for exterminating or control as aforesaid handled by plaintiff or any products incidental to its business.

And the court further finds as facts: That prior to 1 July, 1946, employment between plaintiff and defendant was terminated and defendant returned to Winston-Salem and organized the Wilson Exterminating Company for the purpose of exterminating, eradicating and controlling the certain pests to which the business of plaintiff related, within the city of Winston-Salem and the surrounding territory, and on the date of the institution of this suit defendant was the active manager of said company; that after organizing said business the defendant solicited customers of plaintiff and as result of such solicitation some of the plaintiff's former customers terminated their contracts with plaintiff, and gave their pest control business to defendant; and that at the time of the insitution of this action the defendant was violating the restrictive covenants contained in the contract of 29 March, 1945, between plaintiff and defendant.

Plaintiff offered evidence tending to show (1) that the amount of business covered by the terminations of contracts with the plaintiff through the efforts of defendant amount to a total loss of $299 per month to plaintiff, and (2) that at the present time there are five other exterminating companies, together with plaintiff, engaged in the same business as that conducted by plaintiff in this case, which are operating in the city of Winston-Salem, and which have conducted pest control business in the Winston-Salem territory in competition with each other.

Thereupon the court "upon the basis of the foregoing findings of fact" and upon basis of the evidence offered upon hearing, ordered, decreed and adjudged that the plaintiff is entitled to an order restraining the defendant from violating the restrictive covenants contained in the contract between parties within the Winston-Salem territory, and for the period of two years from 14 January, 1946, and further ordered and

decreed that the defendant be so enjoined within said territory for said period.

Defendant appeals therefrom to Supreme Court, and assigns error.

*Womble, Carlyle, Martin & Sandridge for plaintiff, appellee.*

*Ratcliff, Vaughn, Hudson & Ferrell and T. D. Carter for defendant, appellant.*

WINBORNE, J.   The record discloses that defendant, appellant, excepts (1) to each of the findings of fact, and (2) to each of the conclusions of law contained in the judgment, and (3) to the signing of the judgment, and assigns each as error.

As to the first assignment: The findings of fact appear to be supported by the evidence.   In fact, the findings only relate (a) to the contracts between the parties, both of which are in writing, and as to which there does not appear to be any controversy; and (b) to defendant's breach of the restrictive covenants,—findings as to which are not inconsistent with admission made by defendant in his answer which he offered in evidence on the hearing.   Moreover, the record fails to show that defendant requested or suggested other findings of fact.

As to the second assignment: The conclusions of law appear to be in keeping with well settled general principles of law as applied in former decisions of this Court.   See *Scott v. Gillis,* 197 N. C., 223, 148 S. E., 315; *Moskin Bros. v. Swartzberg,* 199 N. C., 539, 155 S. E., 154; *Beam v. Rutledge,* 217 N. C., 670, 9 S. E. (2d), 476.

The judgment below may be approved aptly upon authority of these cases.   Indeed, the factual situation in the *Moskins case* is strikingly similar to that in the present action, and there, as here, the employee was manager of the employer's business.   And in respect thereto the Court had this to say: "It is obvious that in the performance of his duties as such manager, the employee acquired an intimate knowledge of his employer's business, and had a personal association with his customers, which, when his employment terminated for any cause, would enable the employee, if employed by a competitor of his employer, to injure the business of the latter.   We think the covenant is reasonable in its terms and not unreasonable in time or territory."

Moreover, in the *Beam case, supra,* referring to restrictive covenant there involved, the Court through *Stacy, C. J.,* makes this pertinent observation: "The parties themselves when the instant contract was made, regarded the restriction as reasonable.   They are dealing with a situation of which both were familiar . . . It is limited both as to time and place.   We cannot say that the restraint put upon defendant by his contract is unreasonable as presently applied."

The case of *Kadis v. Britt,* 224 N. C., 154, 29 S. E. (2d), 543, is distinguishable from the present case in factual situation.

As to the third assignment: In the light of what has been said above, the exception to the signing of the judgment becomes formal.

The judgment below is
Affirmed.