DELMAR STUDIOS OF THE CAROLINAS, INC., A CORPORATION, v. J. E. GOLDSTON.

(Filed 29 October, 1958.)

**1. Appeal and Error § 50—**
    Where the findings of fact in injunction proceedings are supported by ample evidence, exceptions to the findings will not be sustained.

**2. Injunctions § 13—**
    Where the sole purpose of the suit is to obtain injunctive relief, plaintiff is entitled as a matter of law to the continuance of the temporary restraining order to the hearing, notwithstanding the denial of the primary equity in the answer, when the complaint sufficiently alleges the primary equity and the evidence and findings make it appear that continuance of the temporary order is necessary to protect plaintiff's right until the controversy can be determined upon its merits, since in such instance the dissolution of the temporary order would virtually decide the case upon the merits upon the hearing of the order to show cause.

PARKER, J., not sitting.

APPEAL by defendant from *Pless, J.,* Regular Civil Term, 3 March 1958, of MECKLENBURG.

This is an action to restrain the defendant from competing with the plaintiff in 74 counties in North Carolina, all of the State of South Carolina, and eleven counties in the State of Georgia, for a period of two years, from and after 25 January 1958, in violation of an agreement of employment entered into by and between the plaintiff and the defendant on 22 September 1956.

The pertinent part of paragraph four of said agreement of employment reads as follows:

"The Photographer (the defendant) shall not, during the period of two (2) years next following the date of the termination for any reason of his employment with Delmar, directly or indirectly for himself or as the agent of, or on behalf of, or in conjunction with any person, firm, association or corporation except as the representative or in the employ of Delmar, engage in or become financially interested in the business of soliciting and procuring from schools within the Territory applications for photographs or yearbook contracts, or in the business of the taking of photographs in the fulfillment of any such contract, and it is hereby provided that if the Photographer shall violate or attempt to violate any provision of this Section 4, he may be enjoined in an action to be brought in any court of competent jurisdiction and such action shall not be subject to the defense that there exists an adequate remedy at law."

The defendant terminated his employment by the plaintiff on 25 January 1958.

The complaint alleges that shortly after the defendant terminated his employment by the plaintiff, he became affiliated with Strawbridge Studios of Durham, North Carolina, a competitor of plaintiff, and began to solicit contracts from plaintiff's former customers, in violation of the agreement between plaintiff and defendant.

A temporary restraining order was issued on 17 February 1958 and the defendant was directed to appear before his Honor J. Will Pless, Jr., Judge Presiding over the courts of the Twenty-Sixth Judicial District, at Chambers in Charlotte, North Carolina, on Monday, 3 March 1958, at 10:00 a.m., and show cause, if any he has, why the restraining order should not be continued until the final hearing.

The cause was heard on the date, hour, and at the place fixed in the temporary restraining order, upon the verified complaint, agreement of employment, and affidavits filed by the plaintiff and an affidavit and verified answer by the defendant.

His Honor, among other things, found that the plaintiff is engaged in the field of selling and taking photographs, particularly in schools and colleges, and selling school annuals or yearbooks, in the territory

in North and South Carolina and Georgia, as described in the complaint; that it was so engaged in 1956, 1957 and early 1958, and that it had contracts for photographic work in more than one thousand schools in the described territory in the school year 1957-1958; that the compensation which defendant earned in the employ of the plaintiff was substantial, being approximately $1,000.00 per month; that the plaintiff has a legitimate business interest to protect in the area described in the employment agreement; that the defendant is free under the terms of the agreement to return to the kind of photographic work he was doing before he entered the employment of the plaintiff.

The court, upon these and other facts, held that the restraining order should be continued until the final determination of the action on its merits. Judgment was entered accordingly and the defendant appeals, assigning error.

*Helms, Mulliss, McMillan & Johnston, Wm. H. Bobbitt, Jr., for plaintiff, appellee.*
*E. K. Powe for defendant, appellant.*

DENNY, J.   The question for determination on this appeal is whether or not the court below committed error in continuing the temporary restraining order until the final determination of the action on its merits.

The defendant's assignments of error numbered 1 through 8 are based on similarly numbered exceptions to the refusal of the court below to find facts as requested by the defendant. These assignments of error are without merit and are, therefore, overruled.

Assignments of error numbered 9 through 15 are based on like numbered exceptions to the court's findings of fact numbered 1, 2, 3, 5, 6, 8 and 9, while assignment of error numbered 16 is based on an exception to the signing of the order continuing the temporary restraining order to the final hearing.

There is ample evidence to support the findings of fact challenged by the defendant's exceptions and assignments of error. Hence, they are overruled.

In *Cobb v. Clegg*, 137 N.C. 153, 49 S.E. 80, *Walker, J.*, speaking for the Court, in pointing out the distinction between the old forms of common and special injunctions, said: "If the facts constituting the equity were fully and fairly denied, the injunction was dissolved unless there was some special reason for continuing it. Not so with a special injunction, which is granted for the prevention of irreparable injury, when the preventive aid of the court of equity is the ultimate and only relief sought and is the primary equity involved in the suit. In the case of special injunctions the rule is not to dissolve upon the

coming in of the answer, even though it may deny the equity, but to continue the injunction to the hearing if there is probable cause for supposing that the plaintiff will be able to maintain his primary equity and there is a reasonable apprehension of irreparable loss unless it remains in force, or if in the opinion of the court it appears reasonably necessary to protect the plaintiff's right until the controversy between him and the defendant can be determined. It is generally proper, when the parties are at issue concerning the legal or equitable right, to grant an interlocutory injunction to preserve the right *in statu quo* until the determination of the controversy, and especially is this the rule when the principal relief sought is in itself an injunction, because a dissolution of a pending interlocutory injunction, or the refusal of one, upon application therefor in the first instance, will virtually decide the case upon its merits and deprive the plaintiff of all remedy or relief, even though he should be afterwards able to show ever so good a case." *Scott v. Gillis,* 197 N.C. 223, 148 S.E. 315; *Boone v. Boone,* 217 N.C. 722, 9 S.E. 2d 383; *Lance v. Cogdill,* 238 N.C. 500, 78 S.E. 2d 319; *Roberts v. Cameron,* 245 N.C. 373, 95 S.E. 2d 899.

We think, in light of the facts found by the court below, the plaintiff was entitled to have the temporary restraining order continued until the final hearing as a matter of law, and we so hold.

The judgment of the court below is
Affirmed.

PARKER, J., not sitting.