ASHEVILLE ASSOCIATES, INC., A CORPORATION v. JOHN WILLIAM MILLER.

AND

ASHEVLLE ASSOCIATES, INC., A CORPORATION v. FRANK L. BERMAN.

(Filed 27 September, 1961.)

**1. Contracts § 7—**

Where a contract of employment with a partnership contains restrictions against the employee engaging in business in competition with the employer within a defined territory for one year after the termination of the employment, and thereafter the partners incorporate and the parties continue to operate according to the terms of the contract until new contracts, containing the same restrictions, are executed with the corporation, the restrictive covenants, having been entered into at the time of the execution of the original contract, are supported by the consideration of the mutual agreements of that contract.

**2. Same—**

A covenant in the contract of employment of an insurance agent that the agent would not engage in business in competition with the agency within the territory in which the agent had represented the agency for one year after the termination of the employment, is reasonable as to time and territory.

**3. Same—**

Covenant in a contract of employment of an insurance agent that the agent would not engage in business in competition with the employer within a limited territory for a reasonable time after termination of the employment does not tend to create a monopoly and is not contrary to the public interest.

**4. Same—**

Where an insurance agent, after having become acquainted with the employer's policyholders and the employer's method of doing business, resigns and organizes a competing business in the same territory, no equitable grounds exist which would warrant a court of equity in refusing to enforce the agreement of the parties that the agent should not engage in a competing business for a reasonable time within a reasonable territory.

APPEAL by defendants from *Campbell, J.,* March, 1961, Term, BUNCOMBE Superior Court.

These civil actions were instituted by the plaintiff for the purpose of restraining the defendants from selling health and accident insurance in 23 western North Carolina counties in violation of the restrictive covenants in the employment contracts under which they formerly worked for the plaintiff. The two cases were consolidated and tried together. The employment contracts, dated December 31, 1959, were in writing. Each contained the following:

"(13) While the agent is acting for the agency, agent agrees that he will not directly or indirectly be connected with any other agency or health and accident or life insurance company. In the event of termination of this Agreement, agent agrees that for the period of one year from the date of such termination he will not, directly or indirectly, represent or be connected with any other agency or health and accident or life insurance company engaged in similar business to the business conducted by the agency or the companies in the territory where the agent has represented agency.

"(14) Agent agrees that in the event of the termination of his association with the agency he will not, directly or indirectly, induce or attempt to induce any supervisors, agents, associates, managers, collectors, or employees of the agency, or companies to terminate their association with the agency, or companies nor will the agent induce or attempt to induce any policyholder of the companies to cancel, discontinue, or fail to renew his or her insurance with the companies."

The defendants admit the execution of the contracts. However,

they contend the restrictive covenants should not be upheld for these reasons: (1) They were not founded on valuable considerations; (2) they were not reasonably necessary to protect the legitimate interests of the plaintiff; (3) they impose unreasonable hardships on the defendants; (4) they are unduly prejudiced to the public interest.

After hearing, Judge Campbell found facts in part: (1) The defendant Berman was assigned to and wrote health and accident insurance for the plaintiff in ten specifically named counties near Asheville, North Carolina. (2) The defendant Miller was assigned to and wrote health and accident insurance in 14 specifically named counties in the same area. (3) Both Berman and Miller terminated their employment with the plaintiff by resignation effective February 1, 1961. (4) Berman, Miller, and their wives, as the only stockholders, immediately organized the "Income Replacement Associates, Inc.," for the purpose of selling health and accident insurance. Thereafter the corporation employed Allen Ballard Orr and George Olof Lundeen, plaintiff's former employees, to act as agents for the corporation and to sell insurance in the territory in and around Buncombe County. Income Replacement Associates, Inc., through its stockholders and agents began to sell health and accident insurance of the type formerly sold by them for the plaintiff.

After hearing, Judge Campbell ordered the temporary restraining order continued to the hearing or to February 1, 1962, (one year from date Miller and Berman left the plaintiff's employment) whichever is the earlier date. The defendants filed detailed exceptions to the findings of fact, conclusions of law, and appealed from the order continuing the injunction.

*Ward & Bennett, for plaintiff, appellee.*
*Van Winkle, Walton, Buck & Wall, By: O. E. Starnes, Jr., Smith, Moore, Smith, Schell & Hunter, By: Bynum H. Hunter, for defendants, appellants.*

HIGGINS, J.   Courts generally refuse to enforce restrictive covenants in employment contracts unless they are (1) in writing, (2) entered into at the time and as a part of the contract of employment, (3) based on valuable considerations, (4) reasonable both as to time and territory embraced in the restrictions, (5) fair to the parties, and (6) not against public policy.

The contracts here involved are in writing. They were found to have been entered into as a part of the contracts of employment. The mutual agreements in these contracts were sufficient considerations to support the obligations undertaken. The time — one year, the territory — 14

counties in which Miller had previously worked and 10 counties in which Berman previously worked, are not unreasonable. *Welcome Wagon v. Pender*, 255 N.C. 244, 120 S.E. 2d 739, and the many authorities cited therein.

The defendants assert the restrictive covenants were not based on valuable considerations and were not a part of the contracts of employment with the corporation. However, each of the defendants signed an original contract with the partnership. It contained the restrictive covenants. The partners incorporated. The corporation succeeded to the partnership in the insurance field. For some time after incorporation the defendants operated according to the terms of their contracts with the partnership. However, new contracts between the corporation and the defendants were executed and these contracts likewise contained the restrictions. Judge Campbell held, and properly so, that the restrictive covenants in the contracts with the corporation were based on valuable consideration.

The time and the territory in which the covenants were to be enforced were reasonable. *Thompson v. Turner*, 245 N.C. 478, 96 S.E. 2d 263, 83 N.C.L.R. 396 (1960); *Delmar Studios v. Goldston*, 249 N.C. 117, 105 S.E. 2d 277; *Sonotone Corp. v. Baldwin*, 227 N.C. 387, 42 S.E. 2d 352.

The defendants rely on the case of *Kadis v. Britt*, 224 N.C. 154, 29 S.E. 2d 543, 152 A.L.R. 405. In that case Britt was employed as a clothing salesman in a retail store in Goldsboro at $27.50 per week. The restrictive covenant covered any business that Kadis might be engaged in if and when Britt left his employment. The restriction applied not only to Britt, but to his wife and other members of his immediate family. After two years Kadis discharged Britt on the ground his services were no longer needed. Britt had a family to support. After his discharge he accepted employment as a salesman in another clothing store in Goldsboro. The trial court refused to continue the injunction against Britt and this Court affirmed by reason of the plaintiff's failure to show an equitable right to enforce the restriction.

In the case before us the defendants, during the employment became acquainted with plaintiff's policyholders and its method of doing business. They resigned, entered into a competing business in the same territory and two other of plaintiff's employees became associated with them in this competing business.

The general rule with respect to enforceable restrictions is stated in 9 A.L.R. 1468: "It is clear that if the nature of the employment is such as will bring the employee in personal contact with patrons or customers of the employer, or enable him to acquire valuable information as to the nature and character of the business and the names and re-

quirements of the patrons or customers, enabling him by engaging in a competing business in his own behalf, or for another, to take advantage of such knowledge of or acquaintance with the patrons and customers of his former employer, and thereby gain an unfair advantage, equity will interpose in behalf of the employer and restrain the breach ... providing the covenant does not offend against the rule that as to time ... or as to the territory it embraces it shall be no greater than is reasonably necessary to secure the protection of the business or good will of the employer." *Welcome Wagon v. Pender, supra.*

In this case the trial court found that health and accident insurance is a highly competitive business in the territory embraced in the defendants' covenants. The public will not be prejudiced by enforcing the covenants in these cases. Insurance agents are licensed. The form of insurance policies and the premiums charged are closely policed under the State insurance laws. The danger of monopoly by limiting competition in employment contracts, therefore, is not and cannot be a problem involving the public interest. After all, by enforcing the restrictions the court is only requiring the defendants to do what they agreed to do. Equitable excuse for failure to observe the restrictions is absent here.

The order of Campbell, J., is supported by his findings, which in turn are supported by the evidence.

Affirmed.