ORKIN EXTERMINATING COMPANY OF RALEIGH, INCORPORATED v.
ALLEN J. GRIFFIN, AND ALLEN J. GRIFFIN AND BURRIS B. JONES
T/A WAYNE EXTERMINATING COMPANY.

AND

ORKIN EXTERMINATING COMPANY OF RALEIGH, INCORPORATED v.
BURRIS B. JONES AND BURRIS B. JONES AND ALLEN J. GRIFFIN,
T/A WAYNE EXTERMINATING COMPANY.

(Filed 21 November 1962.)

**1. Injunctions § 13—**

Where, upon the hearing of an order to show cause why a temporary
restraining order should not be continued to the hearing, there is no
request for findings of fact and the court continues the temporary order
without setting forth his findings, it will be presumed for the purpose of
the order that the court found facts sufficient to support it.

**2. Contracts § 7—**

A contract not to engage in business in competition with the employer
after termination of the employment is valid and enforceable if the
contract is in writing and is entered into as part of the contract of
employment, is based upon valuable consideration, is reasonable as to
time and territory, is fair to the parties, and is not against public
policy. G.S. 75-4.

**3. Injunctions § 13—**

Where plaintiff makes out a *prima facie* showing of right to the final
injunctive relief demanded, a temporary order entered in the cause should
ordinarily be continued to the hearing when reasonably necessary to
protect plaintiff's rights and prevent irreparable injury.

APPEALS by defendants from *Paul, J.,* August 1962 Term of WAKE.
In these two actions plaintiff seeks to restrain defendants from
competing with plaintiff in twenty-five towns in Eastern North Caro-
lina in violation of their individual contracts of employment. The
contract between the plaintiff and the defendant Griffin is dated May
10, 1960; the contract between plaintiff and the defendant Jones,
July 25, 1960. Plaintiff further prays for damages allegedly resulting
from defendants' breach of contract.

Plaintiff is engaged in the pest control, exterminating, fumigating,
and termite control business. Each defendant at the time, and as a
part of his contract of employment by plaintiff, agreed that for a period
of two years immediately following the termination of his employment
for whatever cause, he would not himself, or in conjunction with
any other person, partnership, or corporation, engage in the pest con-
trol, exterminating, fumigating, or termite control business anywhere
within the following territory: Kinston, Ayden, Beaufort, Cherry Point,
Cove City, Faison, Calypso, Goldsboro, Havelock, Jacksonville, Ken-

ansville, La Grange, Maysville, Midway Park, Morehead, Mt. Olive, New Bern, Oriental, Pink Hill, Princeton, Richlands, Seven Springs, Snow Hill, Trenton and Warsaw.

The agreement specifically prohibited each defendant from calling upon or soliciting any customer whose account was serviced by him as an employee of plaintiff. The complaint in the *Griffin* case alleged that he had voluntarily and without provocation terminated his employment with plaintiff on May 16, 1962. The complaint in the *Jones* case alleged that he had similarly terminated his employment with plaintiff on January 5, 1961. Each complaint alleged that Jones and Griffin had thereafter formed a partnership under the name of Wayne Exterminating Company and were engaged in the exterminating, fumigating, and termite control business in competition with plaintiff in the prohibited territory in violation of their contract of employment; that in the course of his employment each defendant not only acquired a list of the plaintiff's customers but also confidential information as to plaintiff's secret methods and processes in the pest control business.

Upon the verified complaint his Honor W. H. S. Burgwyn on July 19, 1962, issued a temporary restraining order against the defendant in each case. On August 28, 1962, his Honor Malcolm C. Paul heard the two cases fully upon affidavits offered by each party. The defendants admitted the execution of the contracts which the plaintiff seeks to enforce. Each defendant alleged that his contract was a renewal and that there was no basic difference in this contract and previous contracts he had signed with plaintiff. Judge Paul continued the restraining orders pending trial on the merits or until the expiration of the two-year term contained in the covenant not to compete in the event the case should not be tried prior to the date it expired. Each defendant appealed.

*Wallace & Wallace, Harvey W. Marcus and Irving K. Kaler for plaintiff, appellee.*

*Herbert B. Hulse for defendant, appellants.*

PER CURIAM. Each defendant makes only one assignment of error. It raises the question whether the court below erred in continuing the temporary restraining order until the final determination of the action on its merits.

The judge was not requested to find the facts upon which he continued the temporary restraining order and he made none. However, it is presumed for the purpose of his order that he found facts sufficient to support it. *Hall v. Coach Co. et. al.*, 224 N.C. 781, 32 S.E. 2d 325;

*Edmonds v. Hall*, 236 N.C. 153, 72 S.E. 2d 221; Strong, N.C. Index, Injunctions, Sec. 13.

The affidavits disclose that defendants in the course of their employment had acquired knowledge which would give them an unfair advantage over plaintiff in a competitive business. Under such circumstances equity will enforce a covenant not to compete if it is: "(1) in writing, (2) entered into at the time and as a part of the contract of employment, (3) based on valuable considerations, (4) reasonable both as to time and territory embraced in the restrictions (5) fair to the parties, and (6) not against public policy." *Asheville Associates v. Miller and Asheville Associates v. Berman*, 255 N.C. 400, 121 S.E. 2d 593. *Exterminating Co. v. Wilson*, 227 N.C. 96, 40 S.E. 2d 696; G.S. 75-4.

The plaintiff in this case made out a *prima facie* showing of right to the final injunctive relief it demanded. When this is done the court will ordinarily continue a temporary restraining order if, in its opinion, it is reasonably necessary to protect the plaintiff's rights until the controversy can be finally determined. On this record, we think the plaintiff was entitled to have the temporary restraining order continued as ordered by Judge Paul. *Studios v. Goldston*, 249 N.C. 117, 105 S.E. 2d 277.

The judgment of the court below is affirmed.

Affirmed.