SAFETY EQUIPMENT SALES & SERVICE, INC. v. JAMES JAY
WILLIAMS AND RODNEY HUDSON BOSWELL

No. 745DC302

(Filed 17 July 1974)

**1. Contracts § 7; Master and Servant § 11— covenant not to compete —
requisites for validity**

A covenant in an employment contract providing that the employee will not engage in competition with his former employer upon termination of his employment, although unfavored in the law, will be held valid if (1) the contract is in writing, (2) the parties entered into the contract at the time of and as a part of the employment contract, (3) the contract is founded upon valuable considerations, (4) it is reasonable both as to time and territory, and (5) the contract is fair to both the employer and employee and not against public policy.

**2. Contracts § 7; Master and Servant § 11— covenant not to compete —
sufficiency of consideration**

Covenants not to compete entered into by each of the defendants at the time they were employed by plaintiff were founded upon adequate consideration, especially since the contracts recited that plaintiff agreed to reward defendants economically for their efforts and also promised to train the defendants in certain processes and practices confidential to the plaintiff's business.

**3. Contracts § 7; Master and Servant § 11— covenant not to compete —
territorial and time restrictions — reasonableness**

Covenants not to compete which included a territorial limitation of a 150 mile radius from plaintiff's business and a time limitation of two years were not too broad.

**4. Contracts § 7; Master and Servant § 11— covenants not to compete —
protection for employer**

Findings of fact by the trial court that defendants by their employment with plaintiff had become familiar with the plaintiff's customer lists, that defendants were posing a substantial threat to plaintiff's business by calling upon plaintiff's customers, and that defendants had gained knowledge about plaintiff's methods of service, repair and care of firefighting equipment were sufficient to show the need for protection of the employer and to support covenants not to compete.

APPEAL by defendants from *Barefoot, Judge,* 3 September 1973 Session of District Court held in NEW HANOVER County. Heard in the Court of Appeals on 19 April 1974.

This is a civil action wherein the plaintiff, a North Carolina corporation, seeks to enjoin the defendants, James J. Williams and Rodney Hudson Boswell, (both of whom were former employees of the plaintiff) from competing with the plaintiff cor-

poration. This action was instituted pursuant to restrictive covenants contained in contracts executed between plaintiff corporation and defendants. A temporary restraining order was entered on 30 August 1973; and on 4 September 1973, a hearing was held to determine if the restraining order should be continued pending a final hearing. At this hearing the court made the following relevant findings of fact:

"2. That the plaintiff entered into a contract of employment with the defendant, James Jay Williams, on or about the 27th day of January, 1972, and with the defendant, Rodney Hudson Boswell, on or about the 9th day of June, 1969, the mutual covenants and promises of which furnished valuable consideration for said contracts, and each of them.

3. That under the terms of each said contracts (sic), the defendants, and each of them, agreed and covenanted with the plaintiff, that he, for himself or on behalf of any other person, persons, firm, partnership or corporation, for a period of two (2) years immediately following the termination of his employment with the plaintiff, within a radius of One Hundred Fifty (150) miles in all directions from Wilmington, North Carolina, would at no time, among other things, call upon any customer of the plaintiff for the purpose of soliciting or selling any welding supplies, $CO_2$ gas, fire extinguishers, safety equipment, welding equipment or for the purpose of repairing, servicing or recharging said equipment or directly or indirectly solicit, divert or take away any such customers.

4. That the defendants, James Jay Williams and Rodney Hudson Boswell, terminated their employment with the plaintiff on or about the 14th day of February, 1973 and on or about the 2nd day of March, 1973, respectively.

5. That the defendants gained knowledge of the methods of recharging, repairing and servicing fire fighting equipment, the customer lists of the plaintiff, the suppliers of the plaintiff and in general the engaging in the business of the sales and service of all types of fire fighting equipment, safety equipment and welding equipment, through their employment with the plaintiff.

6. That the defendants using the knowledge they gained through their employment with the plaintiff have been and

are presently, severally and jointly as Carolina Fire Control Equipment Company, engaged in calling upon customers of the plaintiff for the purpose of selling, servicing, repairing and recharging fire fighting equipment and soliciting, diverting and taking away the plaintiff's customers."

Based on the foregoing findings of fact, the trial court made the following conclusions of law:

"A. That the restrictions as to time and territory contained in the employment contracts entered by the defendants with the plaintiff are reasonable and there is probable cause for believing the plaintiff will be able to sustain his position at the trial on the merits in this action.

B. That unless a preliminary injunction is granted herein pending final determination of this action, there is a reasonable apprehension that the defendants who are actually engaged in soliciting, diverting and taking away the plaintiff's customers, will continue such acts to the irreparable injury of the plaintiff.

C. That the granting of a preliminary injunction herein pending the final determination of this action is necessary to maintaining the status quo and to protect the legitimate interest of the plaintiff."

Upon entry of this judgment confirming the restraining order, the defendants appealed.

*Goldberg & Anderson by Frederick D. Anderson for plaintiff appellee.*

*Anderson & Hughes by John R. Hughes for defendant appellants.*

HEDRICK, Judge.

[1] The defendants maintain that the restrictive covenants in their respective contracts are invalid and unenforceable and, therefore, that the trial court erred in continuing the restraining order against them. A covenant in an employment contract providing that the employee will not engage in competition with his former employer upon termination of his employment, although unfavored in the law, will be held valid if the following criteria are satisfied: (1) the contract is in writing; (2) the parties entered into the contract at the time of and as a part of

the employment contract; (3) the contract is founded upon valuable considerations; (4) it is reasonable both as to time and territory; (5) the contract is fair to both the employer and employee and not against public policy. *Asheville Associates v. Miller* and *Asheville Associates v. Berman,* 255 N.C. 400, 121 S.E. 2d 593 (1961); *Industries, Inc. v. Blair,* 10 N.C. App. 323, 178 S.E. 2d 781 (1971).

Defendants do not argue that the covenants enforced by the trial court in the instant case are not in writing; however, they do assert that the covenant fails with respect to the other factors enumerated above.

We first consider defendants' contention that the contracts are void and unenforceable for lack of consideration to support them. Defendants recognize the general rule that if restrictive covenants are contained in the initial employment contract then they are founded upon adequate legal consideration, as the mutual promises of employer and employee provide valuable considerations each to the other for the contract. *Greene Co. v. Kelley,* 261 N.C. 166, 134 S.E. 2d 166 (1963). However, defendants, relying upon *Kadis v. Britt,* 224 N.C. 154, 29 S.E. 2d 543 (1944), state that the requisite consideration was absent in this case due to the fact that the relationship of employer and employee antedated the existence of the restrictive covenants and that the subsequent covenants not to compete were not based upon new consideration, such as change in position or an increase in pay.

[2]  Defendants' point would be well taken if the record revealed factual circumstances consistent with their argument, but a careful review of the record reveals that the written contracts of employment containing the covenants not to compete were entered into by each of the defendants at the time they were employed by the plaintiff. Furthermore, each of the contracts recites that the defendants were to receive valuable considerations from plaintiff in that plaintiff agreed to economically reward the defendants for their efforts and also promised to train the defendants in certain processes and practices confidential to the plaintiff's business. It is our view that the contracts meet the consideration requirement, and that this assignment of error is without merit.

[3]  Next, we must pass upon defendants' contention that the terms of the restrictive covenants as to time and territory are

too broad. The defendants-employees argue that the territorial limitation (150 mile radius from Wilmington) and the time period restraint (two years) are on their face unreasonable. The record reveals that the plaintiff is engaged in business in an area encompassing a 175 mile radius of Wilmington; and, thus, the territorial limitation sought to be imposed does not cover an area in which the plaintiff is not engaged in business. See *Comfort Spring Corp. v. Burroughs,* 217 N.C. 658, 9 S.E. 2d 473 (1940). In fact, our Supreme Court has upheld the validity of restrictive covenants which contain limitations (time and territorial) as large or larger than the restrictive covenants in the present case. *Enterprises, Inc. v. Heim,* 276 N.C. 475, 173 S.E. 2d 316 (1970) (Nationwide restraint for two years); *Exterminating Co. v. Griffin* and *Exterminating Co. v. Jones,* 258 N.C. 179, 128 S.E. 2d 139 (1962) (greater than 150 miles for two year period); *Exterminating Co. v. Wilson,* 227 N.C. 96, 40 S.E. 2d 696 (1946) (thirteen county restraint for two years); *Studios v. Goldston,* 249 N.C. 117, 105 S.E. 2d 277 (1958) (74 county restraint in N. C., all of South Carolina, and eleven counties in Georgia for a period of two years).

Finally, an examination of (1) the need for protection of the employer and (2) the import of the restrictive covenants upon the public in general, reveals that the restrictive covenants are reasonable in their terms.

[4] The trial court in the present case found as a fact that defendants by their employment with plaintiff had become familiar with the plaintiff's customer lists and that the defendants were now posing a substantial threat to plaintiff's business by calling upon plaintiff's customers. Moreover, the trial court found as a fact that the defendants had gained knowledge about the plaintiff's methods of service, repair, and care of fire fighting equipment. These facts, which are supported by competent evidence and thus binding upon us on this appeal, are sufficient, all other things being equal, to support the covenants. See Annot. 9 A.L.R. 1456 and Blake, Employee Agreements Not To Compete, 73 Harvard Law Rev. 625 (1960).

Moreover, there has been no showing that the public will be harmed by the enforcement of these restrictive covenants. Although contracts restraining employment are not viewed favorably in modern law, *Kadis v. Britt, supra,* the courts continue to consider it "as much a matter of public concern to see that valid engagements are observed as it is to frustrate oppres-

sive ones." *Sonotone Corp. v. Baldwin,* 227 N.C. 387, 42 S.E. 2d 352 (1947).

For the reasons herein stated, the judgment of the trial court continuing the restraining order pending a final hearing of this matter is

Affirmed.

Judges BRITT and CARSON concur.