THE NALLE CLINIC COMPANY, A NORTH CAROLINA CORPORATION, PLAINTIFF
v. MARK W. PARKER, DEFENDANT

No. 9026SC231

(Filed 15 January 1991)

**Master and Servant § 11.1 (NCI3d) — medical practice — covenant not to compete against public policy**

A covenant not to compete in defendant's employment contract with plaintiff was unenforceable as a matter of law as against public policy since the covenant prohibited defendant from practicing medicine in Mecklenburg County for two years after his employment with plaintiff ended; defendant was the only full time pediatric endocrinologist in Mecklenburg County; to prohibit him from practicing would create an excessive workload for the only part time pediatric endocrinologist in the county and would likely result in undesirable and possible critical delays in patient care and treatment; and enforcement of the covenant not to compete would create a substantial question of potential harm to the public health. Therefore, plaintiff likely would not prevail in a final determination of the matter, and it thus did not meet its burden of establishing the facts necessary for the issuance of a preliminary injunction.

Am Jur 2d, Master and Servant § 106; Monopolies, Restraints of Trade, and Unfair Trade Practices §§ 543, 554, 555.

Validity and construction of contractual restrictions on right of medical practitioner to practice incident to employment agreement. 62 ALR3d 1014.

APPEAL by defendant from *Gray (Marvin K.), Judge.* Order entered 21 December 1989 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 10 December 1990.

This is a civil action wherein plaintiff seeks to permanently enjoin defendant from "engaging in the practice of medicine and surgery in Mecklenburg County, North Carolina for a period of two years from the date of the termination of his employment with [plaintiff]" and to have the court enter judgment against defendant "in amount to be determined at trial" as liquidated damages resulting from defendant's alleged breach of his employment agreement with plaintiff.

NALLE CLINIC CO. v. PARKER

[101 N.C. App. 341 (1991)]

The record discloses the following: On 23 October 1987, defendant became employed by plaintiff as a medical doctor with specialties in pediatrics and pediatric endocrinology. As a condition of his employment with plaintiff, defendant executed a "Junior Staff Contract" [hereinafter the "Agreement"] which set forth the terms and conditions of defendant's employment with plaintiff. Paragraph 17 of the Agreement provides:

17. *Practice Limitation.* The junior staff member, in the event of termination or expiration of this Agreement, covenants and agrees as follows:

For a continuous period of twenty-four (24) months following the date of separation of the junior staff member from employment with the Clinic, the junior staff member shall not engage in the practice of medicine or surgery in the County of Mecklenburg, North Carolina. In the event the junior staff member breaches the foregoing provision by practicing medicine and/or surgery in Mecklenburg County within the period of time prohibited, he shall pay to the Clinic as liquidated damages an amount equal to fifty percent of his average monthly compensation pursuant to paragraph 3(b) during the term of such employment, for each calendar month such breach continues within the period of time prohibited. Such damages shall be pro-rated for fractions of months, and are to be in partial restitution for the loss or damages which it is anticipated the Clinic will suffer as a result of such breach and in partial recovery of its investment in the practice of the Junior Staff Member. Such liquidated damages are not alternatives to any other means of enforcing this provision of practice limitation. Payment of such liquidated damages will not entitle the Junior Staff Member to practice in breach of such provision.

On 1 November 1989, defendant resigned from his employment with plaintiff. Plaintiff accepted defendant's resignation to become effective 30 November 1989. After leaving plaintiff's employ, defendant opened an office and began practicing medicine at Suite 804, 1900 Randolph Road in Charlotte, North Carolina only a few blocks from plaintiff.

On 1 December 1989, plaintiff instituted this action and filed a motion to have the court enter a preliminary injunction against defendant. Following a hearing on plaintiff's motion, Judge Gray

found that defendant was "in competition" with plaintiff and concluded that:

     1. Paragraph 17 of the Junior Staff Contract is valid and enforceable.

     2. The Clinic has met its burden of establishing the facts necessary for the issuance of a preliminary injunction in that: (a) The facts presented lead the Court to conclude that the Clinic will likely prevail in a final determination of the matter; and (b) The facts presented lead the Court to conclude that the Clinic has met its burden of showing immediate and irreparable harm unless Parker is enjoined pending a final determination of this matter.

Based upon these findings of fact and conclusions of law, Judge Gray entered an order on 21 December 1989 enjoining defendant and his "agents, servants, and employees" from engaging in the practice of medicine or surgery in Mecklenburg County "until such time as this action comes on for trial and a final determination of the issues raised herein may be had on their merits." Defendant appealed.

*Parker, Poe, Adams & Bernstein, by William L. Rikard, Jr., and Keith M. Weddington, for plaintiff, appellee.*

*James, McElroy & Diehl, P.A., by William K. Diehl, Jr., Mark T. Calloway and John S. Arrowood, for defendant, appellant.*

HEDRICK, Chief Judge.

Defendant's first contention on appeal is that "the trial court erred in granting the plaintiff's motion for preliminary injunction." For the reasons set forth below, we agree.

A preliminary injunction:

'is an extraordinary measure taken by a court to preserve the status quo of the parties during litigation. It will be issued only (1) if a plaintiff is able to show *likelihood* of success on the merits of his case and (2) if a plaintiff is likely to sustain irreparable loss unless the injunction is issued, or if, in the opinion of the Court, issuance is necessary for the protection of a plaintiff's rights during the course of litigation.' (citations omitted).

*A.E.P. Industries v. McClure*, 308 N.C. 393, 401, 302 S.E.2d 754, 759-60 (1983), *quoting, Investors, Inc. v. Berry*, 293 N.C. 688, 701, 239 S.E.2d 566, 574 (1977). In reviewing the trial court's ruling on a motion for a preliminary injunction, "the scope of review is basically *de novo*" and "we are not bound by the trial court's findings, but may review and weigh the evidence and find facts for ourselves." *Iredell Digestive Disease Clinic v. Petrozza*, 92 N.C. App. 21, 26, 373 S.E.2d 449, 452 (1988), *aff'd*, 324 N.C. 327, 377 S.E.2d 750 (1989).

In the present case, the trial judge concluded that "Paragraph 17 of the Junior Staff Contract is valid and enforceable" and that plaintiff would "likely prevail in a final determination of the matter." Our *de novo* review of the evidence presented and the applicable law, however, indicates that Paragraph 17 of the Agreement, entitled "Practice Limitation," is not a valid and enforceable covenant not to compete.

A covenant not to compete is valid and enforceable upon a showing that it is: (1) in writing, (2) made part of a contract of employment, (3) based upon reasonable consideration, (4) reasonable both as to time and territory, and (5) not against public policy. *A.E.P. Industries*, at 402-03, 302 S.E.2d at 760. The validity of the present contract provision attempting to limit defendant from engaging in the practice of medicine or surgery in Mecklenburg County for a period of two years is controlled by our decision in *Iredell Digestive Disease Clinic v. Petrozza*, 92 N.C. App. 21, 373 S.E.2d 449 (1988), which was affirmed *per curiam* by our Supreme Court at 324 N.C. 327, 377 S.E.2d 750 (1989). In that case, we held that a covenant not to compete contained in the employment agreement entered into between a physician and a clinic was unenforceable as against public policy where "ordering the covenantor to honor his contractual obligation would create a substantial question of potential harm to the public health . . . ." *Petrozza*, at 27, 373 S.E.2d at 453.

In the present case, defendant submitted affidavits from twenty physicians practicing in Mecklenburg County and specializing in pediatric medicine which tend to show that: (1) pediatric endocrinologists perform certain highly specialized tests and protocols which pediatricians and other doctors do not perform; (2) defendant is the only pediatric endocrinologist in Mecklenburg County other than Dr. Robert Schwartz; (3) Dr. Schwartz practices exclusively

NALLE CLINIC CO. v. PARKER

[101 N.C. App. 341 (1991)]

at Charlotte Memorial Hospital where he is the Assistant Chairman of the Department of Pediatrics Residency Program; (4) due to Dr. Schwartz's teaching and administrative duties, he practices pediatric endocrinology only three afternoons per week, and for non-emergency patients there is up to a four-week wait to see him; (4) losing defendant's services would create an excessive workload on Dr. Schwartz; (5) one pediatric endocrinologist would not be able to meet the demand of Mecklenburg County for such services; (6) the nearest pediatric endocrinologist outside of Mecklenburg County is Dr. Lyndon Key, who is located in Winston-Salem, North Carolina; (7) if defendant were not able to practice in Mecklenburg County, it might force young children and their parents to have to travel approximately one and one-half hours to Winston-Salem for treatment by a pediatric endocrinologist, if Dr. Schwartz were unavailable; and (8) losing defendant's services would likely result in undesirable and possible critical delays in patient care and treatment. While there exists some conflict between these affidavits and those submitted by plaintiff as to the exact impact that loss of defendant's services would have on Mecklenburg County's medical community, we find, after reviewing the evidence *de novo*, that enforcement of the covenant not to compete would "create a substantial question of potential harm to the public health." *See Petrozza*, at 29, 373 S.E.2d at 454.

Thus, under the facts of this particular case, we hold the covenant not to compete to be unenforceable as a matter of law as against public policy; and since plaintiff bases its action against defendant on this provision in the employment agreement, we find that it would likely not prevail in a final determination of the matter and has not met its burden of establishing the facts necessary for the issuance of a preliminary injunction.

While we need not address defendant's other assignments of error brought forward and argued on appeal, we note, for the record, that we agree with defendant that the trial court erred in concluding that plaintiff would suffer irreparable harm if the preliminary injunction did not issue. In the order granting preliminary injunction in favor of plaintiff, the trial judge failed to make any findings of fact with respect to the harm plaintiff would potentially suffer if defendant were allowed to continue practicing medicine in Mecklenburg County, and our review of the record reveals that no competent evidence was presented to support this conclusion.

For the foregoing reasons, the order of the trial judge granting preliminary injunction in favor of plaintiff is reversed.

Reversed.

Judges WELLS and ORR concur.