651 So.2d 395 (1995)
SENTILLES OPTICAL SERVICES, a DIVISION OF SENASCO, INC., Plaintiff-Appellant,
v.
Ronald Cole PHILLIPS, et al., Defendants-Appellees.
No. 26594-CA.
Court of Appeal of Louisiana, Second Circuit.
March 1, 1995.
*397 Theus, Grisham, Davis & Leigh by Robert J. Bozeman, Monroe, for appellant.
Hudson, Potts & Bernstein by Stephen A. North, and William T. McNew, Monroe, for appellees.
Before MARVIN, C.J., LINDSAY, J., and PRICE, J. Pro Tem.
MARVIN, Chief Judge.
In this action to enforce a covenant not to compete in an employment contract, Sentilles Optical Services, a North Carolina employer, appeals a partial summary judgment in favor of its former employee, John Adams, and other defendants who later hired Adams. The threshold issue is the law to be applied, North Carolina, as the contract provided, or Louisiana, where the action was brought and where Adams and the other defendants reside.
Making the analysis required by LCC Arts. 3537 and 3515, we find the non-competition provision unenforceable under either law and affirm the judgment.

FACTS
The employment contract, signed in North Carolina while Adams resided and worked there, contains this provision:
[Paragraph 7] NON-COMPETITION BY EMPLOYEE:
Commencing with the terms of this agreement and ending two years after termination hereof, Employee shall not, directly or indirectly, either as an agent, principal, partner, stockholder or in any other representative capacity, engage or participate in any business that is in competition in any manner whatsoever with the business of Company.
Adams left his job with Sentilles September 1, 1992, giving no written notice. Sentilles later learned Adams had moved to Monroe where he began working for defendant Ronald Cole Phillips in the optical business. Sentilles brought suit to enforce the contract, including the non-competition clause, against Adams and also alleged contract interference by Phillips and the companies he owns. Adams, Phillips, and the other defendants moved for partial summary judgment on the validity and enforceability of the non-competition clause, claiming that Louisiana law should be applied to find the clause unenforceable. The trial court granted the partial summary judgment without giving reasons.

DISCUSSION
Summary judgment shall be granted to the moving party if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. CCP Art. 966 B.
Sentilles alleged that Adams worked for Sentilles in research and development of new ideas and concepts, and was privy to information about customers and prices. One new concept involved a special type of lamp or light bulb. Adams and another Sentilles employee worked together on research to provide specifications so a manufacturer could produce a prototype of the lamp and then manufacture the lamp exclusively for Sentilles to sell.
Adams left the Sentilles offices September 1, 1992, and telephoned to say he would not be returning to work. In October Sentilles learned that Adams had moved to Monroe and was working for another optical business.
In November, Sentilles learned that Adams was soliciting the business of Sentilles' clients. Sentilles discovered in December that Adams had contacted the bulb manufacturer in an attempt to buy the bulb. Sentilles suggests that Adams used the information gained in his employment to get another manufacturer to produce the same type of bulb.
Sentilles also asserts that Adams continued to solicit Sentilles' customers in places like Silver Springs, Maryland; Greensboro, North Carolina; Del Ran, New Jersey; and Memphis, Tennessee. These allegations, if true, make it clear that Adams is not in Louisiana passively engaging in the same type of trade as Sentilles, but is competing *398 for Sentilles' customers in the states mentioned.

CHOICE OF LAW
Sentilles argues that this court should apply North Carolina law, which would require enforcement of the non-competition agreement. By filing suit here, Sentilles has subjected itself to Louisiana law, including the laws that apply to choice of law questions.
Under Louisiana law it is acceptable for contracting parties to make a choice of state law which will govern the agreement between them. That choice will be given effect, except to the extent that law contravenes the public policy of the state whose law would otherwise be applicable under Article 3537. LCC Art. 3540.
Enforcement of a conventional obligation is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue. LCC Art. 3537. Article 3537 lists factors for determining the state whose law should be applied, incorporating the factors also listed in the more general LCC Art. 3515. The two articles are intended to be read together. See LCC Art. 3537, Comment (c). The objective of the articles is to "identify the state whose policies would most seriously be impaired if its laws were not applied to [the] issue [to be resolved]." LCC Arts. 3515 and 3537. This objective is achieved through an issue-specific analysis of the policies of each of the two states, the first step in which process is to identify the relevant policies of the laws in two states.

North Carolina Policies Implicated in this Conflict
The single and very narrow issue initially before us questions only the validity of the covenant not to compete. North Carolina disfavors such covenants not to compete. "Every contract ... in restraint of trade ... in the State of North Carolina is hereby declared illegal." General Statutes of North Carolina, § 75-1.
Although disfavored, a covenant not to compete in an employment contract is enforceable in North Carolina in equity if it is (1) in writing, (2) entered into at the time of and as a part of the employment contract, (3) based on valuable considerations, (4) reasonable both as to time and territory, (5) fair to the parties, and (6) not against public policy. Orkin Exterminating Co. of Raleigh v. Griffin, 258 N.C. 179, 128 S.E.2d 139 (1962); Safety Equipment Sales & Service, Inc. v. Williams, 22 N.C.App. 410, 206 S.E.2d 745 (1974).
An individual's voluntary contractual restraint on his right to carry on his trade or calling is prima facie illegal and must be shown to be reasonable by the party seeking to enforce it. Rose v. Vulcan Materials Co., 282 N.C. 643, 194 S.E.2d 521 (1973).
The restraint is unreasonable and void if it is greater than is required for the protection of the promisee or if it imposes an undue hardship upon the person who is restricted. Owing to the possibility that a person may be deprived of his livelihood, the North Carolina courts are less disposed to uphold restraints in contracts of employment than to uphold them in contracts of sale. Masterclean of North Carolina, Inc. v. Guy, 82 N.C.App. 45, 345 S.E.2d 692 (1986), citing Wilmar, Inc. v. Liles, 13 N.C.App. 71, 185 S.E.2d 278 (1971), cert. denied.
A covenant not to compete which does not meet the six essential elements is invalid as a matter of law. See Hartman v. W.H. Odell and Associates, Inc., 117 N.C.App. 307, 450 S.E.2d 912 (unreasonable in time and territory); Masterclean of North Carolina, supra (unreasonable as to territory); Nalle Clinic Co. v. Parker, 101 N.C.App. 341, 399 S.E.2d 363 (1991), review denied, and Iredell Digestive Disease Clinic v. Petrozza, 92 N.C.App. 21, 373 S.E.2d 449 (1988), aff'd, 324 N.C. 327, 377 S.E.2d 750 (1989) (contrary to public policy).
Thus the concept seems firmly rooted in North Carolina jurisprudence that a covenant not to compete contained in an employment contract is contrary to the law against restraint of trade if the covenant is found unreasonable as to territory. We thus conclude North Carolina courts will not enforce *399 such a covenant unless it satisfies that criterion.

Louisiana Policies Implicated in this Conflict
Although based on the common law, the North Carolina policy concerning these covenants is similar to Louisiana's policy expressed in the civil code and statutes. A covenant not to compete contained in an employment agreement is disfavored in Louisiana because it may function to deprive a person of his livelihood. Such a covenant will be enforced here only if it meets narrowly drawn criteria. Otherwise the covenant will be held invalid as a matter of law.
Our statute provides that "[e]very contract or agreement, or provision thereof, by which anyone is restrained from exercising a lawful profession, trade, or business of any kind, except as provided in this Section, shall be null and void." LRS 23:921 A. The clear import of this language is that only those restraints which fit within the narrowly tailored exceptions will be enforced.
In Louisiana an employee and his employer may agree that the employee will refrain from engaging in a business similar to that of the employer but such an agreement must be limited in duration (not to exceed two years after employment ends) and location. The covenant will not be enforceable unless it specifies the parish or parishes, or the municipality or municipalities, in which the employee may not compete, and in which the employer must be conducting a "like" business. LRS 23:921 C.

Comparison of North Carolina and Louisiana Policies
In comparing the North Carolina policy with Louisiana policy, we find that the North Carolina policy is, in a broad sense, stricter. A covenant not to compete which meets our requirements of geographic and temporal limits may still be unenforceable under North Carolina law because it fails to satisfy one or more of the other five North Carolina requirements. Those requirements are based upon the common law concepts embodied in the statute of frauds, and the doctrines of mutuality, consideration, and unconscionability. The North Carolina analysis is based on reasonableness, while our codal approach requires mechanical adherence to the requirements listed in the law (especially the geographical and time limitations).
A covenant which violates our statute because it restrains the employee for more than two years, may perhaps be reasonable in North Carolina. Our law would also hold unenforceable a covenant which prohibited the employee from competing with the employer in a municipality or parish (or county) where the employer did not "carr[y] on a like business." The North Carolina analysis would focus on reasonableness, requiring the employer to show where its customers are located and that the geographic scope of the covenant is necessary to maintain those customer relationships. Hartman, supra.
However, the law in each state obviously is based on and facilitates application of the same concept, protection of the significant interests of each party. To be enforceable, a covenant not to compete must protect some substantial interest of the employer. Wilmar, Inc. v. Liles, supra. The restraint is unreasonable and void if it is greater than is required for the protection of the promisee or if it imposes an undue hardship upon the person who is restricted. Masterclean of North Carolina, supra. Although contracts restraining employment are not viewed favorably in modern law, the North Carolina courts continue to consider it as much a matter of public concern to see that valid engagements are observed as it is to frustrate oppressive ones. Safety Equipment, supra, at 414-415, 206 S.E.2d at 748-749.

APPLICATION OF LAWS
In assessing the enforceability of the non-competition clause before us, we note that it is in writing, it is a part of and entered into at the time of the employment contract, and it recites consideration. However, it is the absence of the geographic limitation which proves fatal. The time limit of two years is valid under Louisiana law, and would probably be found reasonable, and therefore valid, under North Carolina law.
*400 In Louisiana, the absence of the geographic limitation in the challenged clause renders the clause invalid. We also conclude the clause is unenforceable in North Carolina because it contains no geographic limitation.
If the territory is too broad, "the entire covenant fails since equity will neither enforce nor reform an overreaching and unreasonable covenant." Hartman, supra, quoting Beasley v. Banks, 90 N.C.App. 458, 460, 368 S.E.2d 885, 886 (1988).
Notwithstanding that the pleadings refer to Sentilles customers in Maryland, New Jersey, Tennessee, and North Carolina, the covenant in question contains no territorial limitation as required in North Carolina. Louisiana has an obvious interest in protecting its citizens, employers and employees, against territorially unlimited covenants not to compete, essentially because of the same policies we discern that apply in North Carolina. While we consider the covenant unenforceable under either law, we shall mechanically apply the Louisiana statutory requirement and affirm the judgment holding the covenant unenforceable.

DECREE
At appellant's cost, the judgment is AFFIRMED.