**ORKIN EXTERMINATING COMPANY, INC., Appellant,**

v.

**Calvin W. WILSON and Franklin D. Banks, Appellees.**

**No. 728.**

Court of Civil Appeals of Texas, Tyler.

Nov. 1, 1973.

Rehearing Denied Nov. 29, 1973.

Ramey, Brelsford, Flock, Hutchins & Carroll, Donald Carroll, Tyler, for appellant.

Holt & Tatum, Marion G. Holt, Nacogdoches, for appellees.

MOORE, Justice.

Orkin Exterminating Company, Inc., appellant, perfected this appeal from an order granting in part, and refusing in part, its petition for a temporary injunction seeking to restrain appellees from violating their agreement not to engage in the exterminating business after termination of their employment. Orkin was formerly the employer of appellees. After they had voluntarily terminated their employment with Orkin, appellees went to work for Nacogdoches Exterminating Company doing the same kind of work they had been doing for Orkin. By a written covenant made a condition of employment with Orkin, appellees agreed not to compete with Orkin for a period of two years following termination of their employment within a certain stipulated area. After a hearing before the court, sitting without a jury, the trial court granted a temporary injunction restraining appellees from soliciting, servicing or selling to any of Orkin's customers formerly serviced by them in the cities of Mount Enterprise, Nacogdoches, Lufkin, Center and San Augustine, as well as a radius of ten miles of and from the official geographical boundaries of each city or town but did not restrain them from engaging in the exterminating business in competition with Orkin. Appellees registered complaint to the order and did not appeal therefrom. Orkin alone perfected this appeal.

By a single point of error, Orkin urges that the trial court abused its discretion in refusing to grant a temporary injunction enjoining and restraining appellees from engaging in the pest control business in competition with it in violation of their written agreement not to do so. Appellant contends that while the court properly enjoined appellees from soliciting, selling and servicing its customers, the court erred in refusing to go further and enjoin appellees from engaging in the same type of business contending that such amounts to unfair competition. Appellees do not challenge the court's order restraining them from soliciting, selling or servicing Orkin's customers. Somewhat inconsistently they maintain that the court properly refused to enforce that portion of the contract wherein they agreed not to engage in a similar business on the ground that Orkin first breached the contract and therefore was not in the position to insist upon enforcement of that portion of the non-competitive agreement because of the "clean hands" doctrine.

The non-competitive clauses agreed to by appellees and which the court refused to enforce are as follows:

"8(c) nor will he call upon, divert or solicit any person, persons, company, partnership or corporation for the purpose of selling any service for the eradication or control of rats, mice,

roaches, * * * within the territory stated in paragraph 8(e).

(d) nor will he service any pest control, exterminating, fumigation, eradiction or termite control accounts anywhere within the territory stated in Paragraph 8(e);"[1]

The issues to be determined are (1) whether the above quoted restrictive covenants are so unconscionable and unreasonable that they will not be enforced on equitable grounds, and if not (2) whether Orkin breached the contract first thereby authorizing the court to refuse the equitable relief requested.

Appellee, Calvin W. Wilson, was employed by Orkin in August of 1972 and voluntarily terminated his employment in February of 1973. Appellee, Franklin D. Banks, was employed in May of 1971 and voluntarily left his employment in February of 1973. The undisputed facts show that for many years Orkin has been engaged in the business of the control and eradication of animal and insect pests, such as rats, mice, roaches, termites and lawn pests. In the conduct of such business, appellant has perfected certain materials and processes which it uses in the control and eradication of such pests. The company advertises its services extensively and is the largest pest control company in the United States. While in the employment of Orkin, appellees were furnished lists of Orkin's customers showing the name and address of each customer, as well as the amount charged for the services rendered. The company conducted monthly meetings at which the employees were advised of new methods of pest control and were instructed as to the method of conducting the business generally. The record shows that the company also furnished its employees certain confidential bulletins describing materials and methods which the company had found to be effective in the control and eradication of pests. Appellees testified that the reason they quit their employment was because they became dissatisfied with a new contract which they executed in January of 1973, changing only their compensation. They admitted that they voluntarily executed the new contract and worked under the terms thereof for approximately a month before notifying Orkin that they were quitting. They testified that shortly after they quit, they accepted employment with Nacogdoches Exterminating Company and actively became engaged in the pest control and extermination business in the same area in which they had worked as employees of Orkin. They admitted that after going to work for Nacogdoches Exterminating Company, they had solicited and sold pest control services to Orkin's customers whom they had formerly served while employed by Orkin. They testified that they intended to continue to engage in the pest control business in competition with Orkin and to solicit its customers unless restrained by the court.

The rule is well established in Texas that non-competitive clauses in contracts pertaining to employment are not normally considered to be contrary to public policy as constituting an invalid restraint of trade. There was a time in our jurisprudence when covenants not to compete were held to be unenforceable because in restraint of trade and contrary to public policy. However, under the customs and usages of modern business practice it is now well established that contracts ancillary to employment involving trades or professions are enforceable, though

---

1. The territory described in Paragraph 8(e) of the contract is as follows:
  "The cities of Tyler, Terrell, Kaufman, Wills Point, Grand Saline, Canton, Emory, Quitman, Mineola, Gilmer, Longview, Gladewater, Kilgore, Lindale, Winona, Athens, Palestine, Jacksonville, Rusk, Henderson, Mount Enterprise, Pittsburg, Nacogdoches, Crockett, Lufkin, Diboll, Trinity, Mount Pleasant, Dangerfield, Lone Star, Carthage, Center, San Augustine, Hemphill, Pineland, all in the State of Texas, and a radius of ten miles of and from the official geographical boundaries of each city and town listed in this sub-paragraph 8(e)."

amounting to limited restraint of trade where they are reasonably limited as to time and space. 13 Tex.Jur.2d sec. 189, pp. 398–400; Krueger, Hutchinson & Overton Clinic v. Lewis, 266 S.W.2d 885 (Tex.Civ. App., Amarillo, 1954, affirmed 153 Tex. 363, 269 S.W.2d 798); Weatherford Oil Tool Company v. Campbell, 161 Tex. 310, 340 S.W.2d 950 (Tex.Sup.1960); Chenault v. Otis Engineering Corporation, 423 S.W. 2d 377 (Tex.Civ.App., Corpus Christi, 1967, ref. n. r. e.).

According to the Restatement, a restraint of trade is unreasonable in the absence of statutory authorization or dominant social or economic justification, if it is greater than is required for the protection of the person for whose benefit the restraint is imposed or imposes undue hardship upon the person restricted. Restatement of the Law of Contracts, secs. 515, 516; Weatherford Oil Tool Company v. Campbell, supra.

■ The question of the reasonableness of the restrictive covenant is ordinarily a question of law to be determined by the court. Krueger, Hutchinson & Overton Clinic v. Lewis, supra; Chenault v. Otis Engineering Corporation, supra.

Since the undisputed proof shows that the parties are now actually engaged in the same business in competition with Orkin and are soliciting in part the same group of customers, we must now consider whether restrictive covenants contained in paragraphs 8(c) and 8(e) are so unconscionable and unreasonable as to bar appellant from equitable relief.

■ It is without dispute that appellees acquired intimate knowledge of Orkin's business while employed by it. They knew what charges Orkin made for its services, they had access to formulas for materials used in the control and eradication of pests, and they also knew of the use of certain equipment Orkin used in applying the material. The character and extent of the injury likely to be done by a former employee's use for his own profit of trade techniques and business secrets given him by his former employer in confidence is not like that done by a former employee's use of special influence with customers. Where a former employee uses the business techniques and confidential business secrets, the employer loses not only the potential customer captured by the employee, but is apt to lose his property interest in his secret by the employee's use of it unless protected by copyright or patent which is not the case here. Moreover, it would seem to be unfair competition to allow a former employee to use for his own benefit and profit something which is in the nature of a property right of his former employer where he agreed not to do so. Grace v. Orkin Exterminating Co., 255 S.W.2d 279 (Tex.Civ.App., Beaumont, 1953, ref. n. r. e.). It is shown by this record that the appellees had access to business information, data, technical developments and other restricted information belonging to the employer. The evidence shows that this business is highly competitive and secret, which requires continued changes in engineering and technical skill. Appellees are shown to have had access to such information and were given instructions and training which could be used against their employer. Their knowledge of the employer's business as thus acquired could be effectively used to the detriment of Orkin and would constitute unfair competition. The record is not clear as to whether Orkin was doing business in the entire territory delineated in the contract. However, the mere fact that while the employer does business in the entire territory, or that the employee did not work all the territory, would not render it unreasonable to bar the employee as provided in the contract. Orkin Exterminating Co., Inc. of Southern Georgia v. Mills, 218 Ga. 340, 127 S.E.2d 796 (1962). Thus we think the record shows that the restriction was necessary to protect the employer. The record further shows that the only hard-

ship that would be suffered by appellees by the enforcement of the restrictive covenant would be that they would be required to find other employment in different type businesses. In this connection the record shows that appellees were not what is commonly referred to as "professionals" in this type of business. They were employed by appellant only for a relative short period of time and that prior to that they were employed on other jobs in other types of businesses. Under these circumstances we do not believe the enforcement of the restrictive covenant would work an undue hardship on them. Therefore we hold that the restrictive covenant upon which this action is brought is legal, valid and enforceable. Grace v. Orkin Exterminating Co., supra; Orkin Exterminating Company v. Veal, 355 S.W.2d 851 (Tex.Civ.App., Fort Worth, 1962, ref. n. r. e.); Phillips v. Dinwiddie, 367 S.W.2d 731 (Tex.Civ.App., Waco, 1963, n. w. h.). Other jurisdictions have held similar restrictive covenants to be reasonable. Orkin Exterminating Co. v. Wilson, 227 N.C. 96, 40 S.E.2d 696 (1946); Orkin Exterminating Co. of Arkansas v. Murrell, 212 Ark. 449, 206 S.W.2d 185 (Sup.Ct.Arkansas, 1947); Orkin Exterminating Co., Inc. of So. Georgia v. Mills, supra; Orkin Exterminating Company of Raleigh v. Griffin, 258 N.C. 179, 128 S.E. 2d 139 (1962).

 We are not impressed with appellees' argument that the foregoing restrictive covenants are not enforceable on the ground that Orkin breached the contract first. Appellees judicially admitted that they notified Orkin that they were quitting. The trial court impliedly found that Orkin did not breach the contract first, otherwise he would not have enjoined appellees from soliciting business from appellant's customers.

Appellant having made out a prima facie case showing a probable right and a probable injury, the cause is remanded to the trial court for entry of judgment pendente lite, or for the remaining period of the re-

strictive covenant, restraining appellees as originally decreed and further restraining appellees from violating the restrictive covenants set forth in paragraph 8(c) and (d) of plaintiff's original petition; however, since appellant states in its brief on this appeal that it makes no complaint of the trial court's restriction as to the area, the order will be confined to the area delineated in the original judgment.

Reversed and remanded with instructions.