**Donald W. GUGGENHEIM, and 2513, Inc., Appellants, d/b/a Sam's Place Del Norte,**

v.

**Billy Bob BARNETT, Triad Corporation, Managing Partnership of Stockyards '85 Partnership, Christopher Mallick, Michael Mallick and Steven Mallick, Appellees.**

No. 2–87–012–CV.

Court of Appeals of Texas, Fort Worth.

April 9, 1987.

Townsend, Brodsky, Lerman, et al. and Robert L. Ketchand, Houston, for appellants.

Simon, Anisman, Doby, et al. and Stephen R. Alcorn, Fort Worth, for appellees.

Before JOE SPURLOCK, II, FARRIS and KELTNER, JJ.

OPINION

FARRIS, Justice.

This is the appeal of an order of the trial court denying a temporary injunction. The facts of this case involve a confusion of parties and agreements all involving a restaurant known as Sam's Place Del Norte (Sam's) located in the historical stockyard district of Fort Worth. Appellants' pleadings included a prayer for injunctive relief ordering the appellees to:

> [C]ease and desist from any and all efforts on their part to restrain [appellant] Guggenheim from the operation of Sam's, including without limitation the right to enter freely the facilities, to have care, custody, control and review of all records of Sam's, to make and determine the restaurant name and logo, to make all choices regarding menu, choice, preparation, and service of food, and to make all decisions regarding personnel who will work in Sam's.

After a hearing, appellants' prayer for temporary injunction was denied. Appellants, in connection with their appeal of the trial court order denying temporary injunction,

sought a temporary injunction of this court, which we granted, directing appellees as follows: 1) leave all interior and exterior signs designating the restaurant as "Sam's Place Del Norte" in place; 2) retain the menu, name, logo, and interior decor as they have been under the operation of Sam's Place Del Norte by Donald W. Guggenheim and 2513, Inc.; and 3) maintain and preserve all records of Sam's Place Del Norte from the date of entry of this order until further order of this court.

We affirm the order of the trial court and dissolve the temporary injunction granted by this court.

The Supreme Court stated the proper scope and standard of review to be employed by a Court of Appeals in the interlocutory appeal of a trial court's denial of a temporary injunction in *Davis v. Huey*, 571 S.W.2d 859 (Tex.1978). Whether an applicant is entitled to preservation of the status quo of the subject matter of a pending lawsuit is the only question before a trial court at a hearing upon a request for temporary injunction. Appellate review of an order granting or denying a temporary injunction is strictly limited to a determination of whether the trial court clearly abused its discretion in determining applicant's right to preservation of the status quo. The Court of Appeals may not substitute its judgment for that of the trial court. An abuse of discretion does not exist where the trial court bases its decision on conflicting evidence. Where no findings of fact or conclusions of law are filed, the trial court's judgment must be upheld on any legal theory supported by the record. *Id.* at 861–62.

The record is insufficient to persuade us that the trial court abused its discretion in denying appellants a temporary injunction. There are no findings of fact and conclusions of law filed or requested in this case. References are made in the statement of facts recording the hearing on appellants' application for temporary injunction to an earlier hearing in the case, but no statement of facts of that earlier hearing is included within the record.

The only witness to testify at the hearing on appellants' application for temporary injunction was the appellant Guggenheim. The witness's testimony does little to reduce the confusion surrounding this case. Guggenheim testified that he began business relations with some of the appellees in connection with plans to open Sam's in February, 1985. The witness identified seven "agreements" between the parties relating to the construction of the restaurant premises and the ownership and operation of Sam's. The original lease agreement was apparently never executed, the agreements are contradictory and one of the agreements included an option, exercisable by appellees, which was determinative of the parties' rights in issue and which would expire only a few days after the hearing.

Guggenheim's testimony further adds to the confusion because it is unclear whether he was operating as a manager or lessee of Sam's. The witness testified that he operated the restaurant but that the expenses of the restaurant were paid by one of the appellees. The appellants never paid any rent for the restaurant premises. Guggenheim was unable to testify about whether or not the restaurant was profitable. Guggenheim testified that some of the appellees became engaged in the management of Sam's and one of his complaints is of a firing of managerial employees by an appellee.

From the testimony of Guggenheim it appears that a primary concern was of damage to other businesses operated by the appellant. Guggenheim testified that he was concerned about the impact of appellees' actions on other Sam's which the witness owned or intended to open.

A trial court abuses its discretion in granting or denying a temporary injunction when it fails or refuses to apply the law to conceded or undisputed facts. *See Camp v. Shannon*, 162 Tex. 515, 348 S.W.2d 517, 519 (1961). Conversely, no abuse of discretion exists where the trial court's decision is based upon conflicting evidence. *Davis*, 571 S.W.2d at 862. Although only the appellant Guggenheim testified at the tempo-

rary injunction hearing, it is apparent that appellees do not concede appellants' claim to right of possession and managerial control of Sam's. Appellants urge that injunction is necessary to protect the status quo; however, the status quo, which is properly protected by temporary injunction, is defined as the last actual, peaceable, noncontested status that proceeded the pending controversy. *State v. Southwestern Bell Tel. Co.*, 526 S.W.2d 526, 528 (Tex.1975). We find that the appellees' management and control of Sam's, prior to the incident which Guggenheim testified triggered the pending controversy, is a part of the status quo and also part of the activities which appellants would have us enjoin. Finally, the evidence before the trial court does not conclusively establish that appellants will suffer probable, actionable harm during the pendency of this cause of action. *See Sun Oil Company v. Whitaker*, 424 S.W.2d 216, 218 (Tex.1968); *Transport Co. of Texas v. Robertson Transports*, 152 Tex. 551, 261 S.W.2d 549, 552 (1953). The evidence suggests only that appellants may be able to develop and prove a cause of action for which there is a plain and adequate remedy of law. *See McGlothlin v. Kliebert*, 672 S.W.2d 231, 232 (Tex.1984).

The temporary injunction granted in connection with this appeal is dissolved and the judgment of the trial court is affirmed.