**UNITEL CORPORATION, Appellant,**

v.

**Richard DECKER d/b/a Coastal Cellular Company and Marilyn Barron, Appellees.**

**UNITEL CORPORATION, Appellant,**

v.

**Richard DECKER d/b/a Coastal Cellular Company, Linda Pinchback, Randy Decker d/b/a Executive Car Phones and Gerry McCarty Wells, Appellees.**

**Nos. C14–86–720–CV, C14–86–778–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

April 30, 1987.

Douglas B. Wyatt, James M. McGraw, Houston, for appellant.

James L. Robertson, James E. Reaves, Houston, for appellees.

Before JUNELL, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

This appeal deals with the validity of a non-competition clause in a contract of employment. It is a consolidated appeal from orders denying appellant's applications for temporary injunctions against appellees in which appellant (plaintiff below) sought to enjoin appellees (defendants below) from continuing to violate non-competition agreements contained within employment contracts between appellant and appellees Barron, Pinchback and Wells. We find that the trial courts erred in denying appellant's applications for temporary injunctions against all appellees except Randy Decker d/b/a Executive Car Phones.

Appellant sells and services cellular car phones and sells air time for cellular phones on the Houston Cellular telephone system. Appellees Barron, Pinchback and Wells were sales representatives for appellant during 1986, and each signed employment contracts containing the following non-competition clause:

> Employee agrees that he shall not for a period of one (1) year immediately following the termination of his employment with UNITEL for any cause whatsoever: (i) make known to any person, firm, or corporation, the names and addresses of any of the customers of UNITEL or any other information pertaining to such customers, or the names, addresses, and any information pertaining to potential customers identified by UNITEL; (ii) call on, solicit, divert, or take away any of the customers of UNITEL's business or the business or patronage of any customer of UNITEL and any of its customers, either directly or indirectly, either for himself, or for or with any other person, firm, or corporation; (iii) within twenty-five (25) miles from the outer limits or boundaries of Harris County, Texas, directly or indirectly engage in the sale of goods or services in any way connected with the sound communication equipment business, or equipment or services of a similar nature or which serves or performs substantially the same functions as any sold by UNITEL.

All three employees left appellant's employment at various times in 1986 and, in violation of the non-competition clause, went to work for other businesses involved in the sales, installation and servicing of cellular car phones and air time. Appellees

Barron and Pinchback were employed by appellee Richard Decker d/b/a Coastal Cellular Company and appellee Wells by appellee Randy Decker d/b/a Executive Car Phones. After learning of their employment, appellant filed suits against Barron, Pinchback and Wells alleging breach of employment contracts, and against the Deckers for wrongful interference with business and contractual relationships. In addition to other relief, appellant sought temporary injunctions to prohibit the Deckers from wrongful interference with appellant's business and contractual relationships, and to prohibit Barron, Pinchback and Wells from continuing to work for the Deckers. Hearings were held on appellant's applications for temporary injunctions in two separate courts; both were denied. Appellant appeals both denials.

■ In its first three points of error, appellant contends the trial courts abused their discretion in denying appellant's applications for temporary injunctions against appellees Barron, Pinchback and Wells. An appellate court must review the contract and the evidence to determine whether the trial court ruled correctly. While the trial court's fact findings are subject to review only for legal and factual insufficiency, the construction of the restrictive covenants of a contract and the proper remedy for the breach of such covenants are strictly matters of law for our determination. *Electronics Data Systems Corp. v. Powell,* 524 S.W.2d 393, 395–96 (Tex.Civ. App.—Dallas 1975, writ ref'd n.r.e.).

■ A covenant not to compete commonly sets forth temporal and geographical restraints on the employee's ability to compete with the former employer, and the restraints must be reasonable in order to enforce the covenant. *Weatherford Oil Tool Co. v. Campbell,* 161 Tex. 310, 340 S.W.2d 950, 951 (1960). Under the common law of contracts, a covenant not to compete is a restraint of trade and its terms are enforceable only if the terms are reasonable in other respects. Whether a covenant not to compete is reasonable is also a question of law for the court. *Henshaw v. Kroenecke,* 656 S.W.2d 416, 418 (Tex.1983).

■ A covenant is unreasonable "if it is greater than is required for the protection of the person for whose benefit the restraint is imposed or imposes undue hardship upon the person restricted." *Weatherford,* 340 S.W.2d at 951. A covenant must meet four criteria in order to be deemed reasonable. First, the covenant must be necessary for the protection of the promisee, *i.e.,* the promisee must have a legitimate interest in protecting business goodwill or trade secrets. Second, the covenant must not be oppressive to the promisor. Third, the covenant must not be injurious to the public. Fourth, the covenant should be enforced only if the promisee gives consideration for something of value. *Hill v. Mobile Auto Trim, Inc.,* 725 S.W.2d 168, 170–71 (Tex.1987).

We first examine the necessity to protect appellant as the former employer and promisee under the covenant not to compete. According to the testimony of Patrick Stephenson, appellant's president, the cellular car phone business in Houston is highly competitive. He testified that the great success his company enjoys was due primarily to the efforts of its sales people, and that appellees Barron, Pinchback and Wells were considered some of appellant's top sales people. Stephenson also testified extensively as to his training program for the sales people that was developed over many years at appellant's expense and that appellant considers to be extensive, unique and confidential. He testified that once the training program is completed, the sales people are given customer "leads" that are generated by appellant and these leads are considered confidential. Stephenson testified that Barron, Pinchback and Wells received all of their cellular car phone sales training with appellant as none had prior cellular sales experience. It is undisputed that each used this experience in her new employment, and each was in direct competition with appellant. Also, there was evidence that at least one of appellant's current customers was contacted by appellees after leaving appellant's employment.

Appellees vigorously deny that the training and leads provided to them by appellant comprise any protectable proprietary interest. They cite *Diesel Injection Sales & Services, Inc. v. Renfro,* 656 S.W.2d 568, 572 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.), wherein the Corpus court refused to enforce a restrictive employment covenant. However, the employees in the *Diesel* case were diesel engine mechanics who had minimum contact and exposure to customers. The methods used by the employees in the *Diesel* case involved matters of general knowledge to any diesel mechanic and did not require special or new work techniques. Further, the employees did not take any customer lists or have any knowledge not already possessed by their new employer.

In this case, while there is a conflict in the testimony as to the amount and degree of training provided by appellant, it is clear that appellees' training was unique and considered confidential, and that appellees had contact with the public and solicited at least one of appellant's customers. It is also clear that the experience gained by Barron, Pinchback and Wells during their employment with appellant enabled the Deckers to become more competitive in a shorter period of time. This would not be possible without appellees' prior experience. Although appellees gave little consideration to the training and the leads, the non-competition agreement is not invalid merely because the information gained at appellant's expense was generally available to the public rather than a "trade secret." *Gillen v. Diadrill, Inc.,* 624 S.W.2d 259, 262–63 (Tex.App.—Corpus Christi 1981, writ dism'd). Moreover, it would seem to be unfair competition to allow a former employee to use for her own benefit and profit something which is in the nature of a property right of her former employer when she expressly agreed not to do so. *Orkin Exterminating Co. v. Wilson,* 501 S.W.2d 408, 411 (Tex.Civ.App.—Tyler 1973, writ dism'd). *See also Hospital Consultants, Inc. v. Potyka,* 531 S.W.2d 657, 661 (Tex.Civ.App.—San Antonio 1975, writ ref'd n.r.e.). We believe appellant has demonstrated that the covenant not to compete is necessary for its protection.

In balancing the equities of the parties, we find the necessity for protection outweighs the possibility that the covenant is oppressive to appellees. The record shows that Barron, Pinchback and Wells all had varied sales jobs prior to their short employment with appellant. They are not professionals or salespersons trained only in the sales of cellular phones. Therefore, they would not be deprived of the ability to work should these covenants be enforced. *See Hospital Consultants, Inc. v. Potyka,* 531 S.W.2d at 662. The only hardship to be suffered by appellees through the enforcement of the covenant is that they would be required to find temporary employment in a different area of sales, and this would not be an undue hardship. *Orkin Exterminating Co. v. Wilson,* 501 S.W.2d at 412.

Considering the third and fourth criteria set forth in *Hill v. Mobile Auto Trim, Inc.,* the covenant is not injurious to the public as it does not prevent competition or deprive the community of needed goods. In employee covenants not to compete, the special training acquired by the employee through her employer is valuable consideration and often enhances the value of the employee to other employers. To allow employees to use this training or knowledge upon leaving an employer would create a disincentive for employers to train or educate employees. *Hill v. Mobile Auto Trim, Inc.,* 725 S.W.2d at 171. In carefully balancing the right to protect appellant's business interest against the rights of appellees Barron, Pinchback and Wells, we hold that appellant has met its burden of proving that the enforcement of the covenant not to compete was necessary and that the covenant itself is reasonable. *Martin v. Linen Systems for Hospitals, Inc.,* 671 S.W.2d 706, 709 (Tex.App.—Houston [1st Dist.] 1984, no writ). The first three points of error are sustained.

In points of error four, five and six appellant alleges the trial courts abused their discretion in denying appellant's applications for temporary injunctions against appellees Richard Decker d/b/a Coastal Cellular Company and Randy Decker d/b/a

Executive Car Phones for interfering with the covenants not to compete of appellees Barron, Pinchback and Wells.

 Generally, in order to maintain an action for contractual interference, it must be established that (1) there was a contract subject to interference, (2) the act of interference was willful and intentional, (3) such intentional act was a proximate cause of plaintiff's damage, and (4) actual damage or loss occurred. *Diesel Injection Sales & Services, Inc. v. Renfro,* 656 S.W.2d at 573. It is not enough that the new employer merely reaped the advantages of a broken contract after the contracting party had withdrawn from the commitment on his own volition; it was also incumbent upon appellant to show that the Deckers actually caused or brought about the interference. *Id.*

 The record shows that both the Decker brothers were aware of the covenants not to compete and that they hired Barron, Pinchback and Wells despite this knowledge. There was testimony that another of appellant's former employees, then working for Richard Decker, spoke with Ms. Barron and induced her to leave appellant for employment with Decker. Appellee Richard Decker testified that prior to 1986 he had no experience in the car telephone business, and that his business had benefitted from hiring appellees Barron and Pinchback because of their prior cellular sales experience. He further testified that his entire sales staff consists of former employees of appellant and that he induced them to work for him by paying them more money. Further, he testified that he would continue to employ people from appellant's business if he needed them. There is no evidence that Randy Decker induced any of the appellee salespersons to work for his company, Executive Car Phones.

Under these circumstances, we are of the opinion that Richard Decker should be held accountable for his actions. *See Wells v. Powers,* 354 S.W.2d 651 (Tex.Civ.App.—Dallas 1962, no writ). All appellee companies are in competition with appellant, and all were aware of the non-competition covenant; however, only Richard Decker induced appellant's employees to break their contract and work for his company. Randy Decker merely hired Wells after she left appellant's employment. Points of error four, five and six are sustained as to all parties except Randy Decker d/b/a Executive Car Phones.

 We must now determine whether appellant is entitled to have the restrictive covenant enforced pending trial on the merits. Appellant must show a probable right of recovery and a probable injury in order to justify the issuance of a temporary injunction. *Hill v. Mobile Auto Trim, Inc.,* 725 S.W.2d at 172. Proof of a continued breach of the non-competition agreement by a highly trained employee constitutes prima facie proof of probable injury. *Hartwell's Office World, Inc. v. Systex Corp.,* 598 S.W.2d 636, 639 (Tex.Civ.App.— Houston [14th Dist.] 1980, writ ref'd n.r.e.). We hold that appellant has suffered an injury and has a probable right of recovery. Therefore, we hold that the trial courts erred in refusing to grant appellant's applications for temporary injunctions.

We reverse the orders of the trial courts and remand with instructions to grant the temporary injunctions against all appellees except Randy Decker d/b/a Executive Car Phones. We affirm the trial court's denial of injunctive relief against Randy Decker.