ORKIN EXTERMINATING CO., INC., Appellant,

v.

Leo S. RESURRECCION, Appellee.

No. 2–87–087–CV.

Court of Appeals of Texas, Fort Worth.

Nov. 19, 1987.

McCauley, MacDonald, Love, Devin & Brinker and Sudie Thompson and D. Craig Brinker, Dallas, for appellant.

Lane, Ray Getchell, Farris, Schleier and Richard L. Schleier, Jr., Fort Worth, for appellee.

Before FENDER, C.J., and JOE SPURLOCK, II and FARRIS, JJ.

OPINION

JOE SPURLOCK, II, Justice.

This appeal is from an order of the trial court denying a temporary injunction. Relying on a covenant not to compete in an employment contract, appellant, Orkin Exterminating Co., Inc. ("Orkin"), had sued to enjoin its former employee, appellee Leo S.

Resurreccion, from working for a competitor.

We affirm.

Resurreccion is a Philippine national who earned a Bachelor of Science of Commerce Degree in Marketing from the University of Santo Tomas. His studies included courses in advertising, sales promotion, marketing, retail merchandising, sales management, market research, credit transactions, negotiable instruments and contracts. After graduation from college, he worked in the Philipines for a period of two years, first as a salesman, and then as a sales supervisor for a company called Diversified Marketing. He later established his own company which he managed for four years.

Resurreccion arrived in the United States in April, 1983. On July 13, 1983, he was employed by Orkin as a pest control inspector and salesman. As a condition of Resurreccion's continued employment with Orkin, Orkin required him to sign an employment agreement on August 1, 1983 containing a covenant not to compete. The covenant provided that Resurreccion would not compete or seek employment with an Orkin competitor within a designated geographic area for two years after the termination of Resurreccion's employment with Orkin. The geographic area included Fort Worth, Aledo, Weatherford, Arlington, Crowley, Kennedale, Azle, Cleburne, Burleson, Alvarado, Granbury, Grapevine, Hurst, Bedford, Denton, Gainesville, Mineral Wells, and Everman, and a radius of ten miles from the boundaries of each of those cities.

After being hired by Orkin, Resurreccion received training in sales techniques, and pest control treatment, and obtained Orkin's customer lists. No training was given to him regarding the mixing of chemicals. Resurreccion had access to the rates Orkin charges for its services, formulas for materials, and other business information. Resurreccion voluntarily terminated his employment with Orkin in 1986 to take a position doing virtually the same work at Terminex, a competitor of Orkin. He took his customer list with him.

On April 9, 1987 a hearing was held on Orkin's motion for a temporary injunction. The trial court denied the motion on April 13, 1987. No findings of fact or conclusions of law were filed.

In its sole point of error, Orkin contends that the trial court abused its discretion in denying Orkin's temporary injunction because the evidence at the injunction hearing shows that Orkin has a probable right to recovery, a probable injury in the interim, and that the non-competition agreement was reasonable.

The sole issue before a trial court at a temporary injunction hearing is whether an applicant is entitled to have the status quo of the subject matter of a suit preserved pending trial on the merits. *Iranian Muslim Organization v. City of San Antonio*, 615 S.W.2d 202, 208 (Tex.1981). *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex.1978). Appellate review of an order granting or denying a temporary injunction is strictly limited to a determination of whether the trial court clearly abused its discretion in determining an applicant's right to preservation of the status quo. *Davis*, 571 S.W.2d at 862. Where, as here, no findings of fact or conclusions of law are filed, the trial court's judgment must be upheld on any legal theory supported by the record. *Id.; see Guggenheim v. Barnett*, 728 S.W.2d 139, 140 (Tex.App.—Fort Worth 1987, no writ). To justify the issuance of a temporary injunction, Orkin must show a probable right of recovery and a probable injury. *See Hill v. Mobile Auto Trim, Inc.*, 725 S.W.2d 168, 172 (Tex.1987). In discussing whether or not Orkin had a probable right of recovery or would suffer a probable injury, we need not discuss whether the non-competition agreement is reasonable. If Orkin failed to prove either prong of its burden at the temporary injunction hearing, either a probable right of recovery or a probable injury, the trial court's denial of the temporary injunction must be upheld.

The evidence adduced at the temporary injunction hearing was conflicting about whether Orkin will suffer probable harm. Maynard Strackbein, Fort Worth branch manager for Orkin, testified at the hearing

that the pest control industry is a highly competitive and secret business, requiring continued changes in engineering and technical skill. Resurreccion knew the rate charges Orkin makes for its services and had access to information and training in the pest control and eradication methods used by Orkin. Resurreccion admitted that the training and experience he received while working for Orkin now helps him in his employment with Terminex. The evidence also showed however, that the information Orkin's employees received in their training materials was virtually the same as the information in brochures Orkin provided prospective customers. Resurreccion testified that the county extension office provides complete information on insects and treatment for pests and termites. Although Resurreccion had no prior experience in selling pest control and termite eradication products, he was an experienced salesman with a college degree in marketing. Since going to work for Terminex, Resurreccion has not called any customer on his customer list which he compiled while employed at Orkin. In addition, he testified that Terminex's training program covers the same material contained in Orkin's training program for its employees.

▇▇▇ An abuse of discretion does not exist when a trial court's decision is based upon conflicting evidence. *Davis*, 571 S.W.2d at 862; *Guggenheim*, 728 S.W.2d at 140. As we noted above, conflicting evidence exists regarding whether or not the covenant not to compete was necessary to protect Orkin from the acts of Resurreccion.

▇▇▇ Appellant nevertheless relies on the decision in *Unitel Corp. v. Decker*, 731 S.W.2d 636 (Tex.App.—Houston [14th Dist.] 1987, no writ) for its argument that it was harmed by the denial of the temporary injunction. We have examined *Unitel* and find the facts underlying the decision there are very different from those in the case on appeal. In *Unitel*, the Houston court found the evidence to be: 1) the employees received *extensive, unique* and *confidential* training by appellant at appellant's expense; 2) they were given *confi-*

*dential customer* leads to develop sales; 3) no employee had prior sales experience in the product, and the experience gained was useful in the employment with the competitor; and 4) it was *clear* the employees' training was unique and considered confidential and that the employees had solicited at least one of the former employer's current customers. *Id.* at 640–41. The court held that in balancing the equities of the parties, the necessity for protection of the employer's interest outweighed the possibility that the covenant was oppressive to the employees. *Id.* at 640. These facts are clearly distinguishable from our case. *Unitel* does not control our decision.

Orkin did not provide its employees with extensive, unique and confidential training. The training information Orkin employees received was also supplied in part to Orkin customers in brochures, and pest control erradication information was available at the county extension office. Terminex provided similar training information to its employees. Furthermore, Resurreccion has not solicited any of Orkin's current customers.

Appellant further relies upon the decision in *Orkin Exterminating Company, Inc. v. Wilson*, 501 S.W.2d 408 (Tex.Civ.App.—Tyler 1973, writ dism'd) as a controlling case. The Tyler court in *Orkin* found:

> The evidence *shows* that this business is highly competitive and *secret*, which requires continued changes in engineering and technical skill. Appellees are shown to have had access to such information and were given instructions and training which could be used against their employer. Their knowledge of the employer's business as thus acquired could be effectively used to the detriment of Orkin and would constitute unfair competition.

*Id.*, at 411. (Emphasis added.) The court concluded: "[a]ppellant having made out a prima facie case showing a probable right and a probable injury, the cause is remanded ... for the entry of judgment pendente lite...." *Id.* at 412. We disagree that this case is controlling under the facts of our case.

We have *no such clear evidence* in the case before us, nor do we have conclusive facts of any *secrets*, or *continuous changes in engineering or technical skills*. The state of the art of the pest control business in 1987 is obviously different from that of 1973. While Orkin's witness in the case on appeal, Strackbein, testified using essentially the same language as the Tyler court used to uphold the temporary injunction in the *Orkin* case, the other evidence reviewed actually shows few, if any, engineering or technical skills required in selling the service, or that there are any secrets helpful to an employee or that could be divulged to competitors. While we have no findings of fact or conclusion of law of the trial court to consider, in our review discussed herein, we do not otherwise find the evidence clear, conceded, or undisputed, but clearly conflicting. Accordingly, we conclude the case on appeal differs greatly from *Orkin* and *Unitel*. As noted, an abuse of discretion does not exist where the trial court bases its decision on conflicting evidence, but only when it fails or refuses to apply the law to conceded or undisputed facts. *Davis*, 571 S.W.2d at 862; *Guggenheim*, 728 S.W.2d at 140.

We hold that the trial court did not abuse its discretion in denying Orkin's temporary injunction, as we find Orkin did not satisfactorily establish any probable injury would occur from failing to enjoin Resurreccion from employment with Terminex. Our decision is limited solely to this question; we do not address whether the covenant not to compete is unreasonable.

We overrule appellant's sole point of error and affirm the trial court's denial of the temporary injunction.