Gregory Chisolm EUSTON, Appellant,

v.

Carolyn Ann EUSTON, Appellee.

No. 08–88–00090–CV.

Court of Appeals, of Texas,
El Paso.

Oct. 28, 1988.

Rehearing Denied Nov. 30, 1988.

Randle G. Jones, Midland, for appellant.

John G. Hyde, Freeman, Hyde & Matin, Midland, for appellee.

Before OSBORN, C.J., and SCHULTE and FULLER, JJ.

## OPINION

FULLER, Justice.

Appellant appeals from a divorce judgment. We affirm in part and reverse and remand in part the judgment of the trial court.

After some thirteen years of marriage, the parties separated and a divorce was ultimately filed by Appellee. The trial court granted the divorce and named Appellee managing conservator of the five-year-old male child born of the marriage. The trial judge, in her findings of fact, found that Appellant suffered from alcohol

abuse and that the resulting difficulties of the parties carried over to their only child when he developed serious emotional problems. Treatment was given, and it was anticipated that the minor child would need continued medical and psychological counseling. The court set child support and divided the property of the parties.

Point of Error No. One asserts that the trial court erred in ordering Appellant to pay child support as a percentage of Appellant's net resources.

The final decree of divorce nunc pro tunc judgment, entered by the trial court, ordered Appellant to pay as child support:

[t]he amount of 20% of Respondent's 'net resources' as that term is defined in the guidelines of the Texas Supreme Court for child support.

The decree stated that the first payment of twenty percent of respondent's "net resources" was due on the last day of January 1988, and a like payment of twenty percent of his "net resources" was payable on or before the last day of each calendar month, thereafter, until the child reaches the age of eighteen years, graduates from high school, marries, dies, has his disabilities removed, is otherwise emancipated or until further order of the court.

The trial judge also entered an order under Tex.Fam.Code Ann. sec. 14.43 (Vernon Supp.1988), directing Appellant's employer, Scurlock Oil Company, to pay Appellee out of Appellant's monthly earnings an amount equal to *"twenty percent of net resources"* of Appellant.

The first observation to be made is that the final judgment does not set any exact dollar amount to be paid this month, next month, next year or thereafter. Any employer of Appellant is faced with the impractical, if not unworkable, task of determining what the "net resources" of Appellant are in any given month. The trial court's order follows the "net resources" definition in Tex.Fam.Code Ann., sec. 14.05, Rule 3 (Vernon Supp.1988):

100% of all wage and salary income and other compensation for personal services (including commissions, tips and bonuses), interest, dividends, royalty income, self-employment income, net rental income (defined as rent after deducting operating expenses and mortgage payments, but not including non-cash items such as depreciation) and all other income, including, but not limited to, severance pay, pensions, trust income, annuities, capital gains, social security benefits, unemployment benefits, disabilities and workers' compensation benefits, gifts and prizes, less (subtracting) social security taxes, federal income tax withholding for a single person claiming one personal exemption and the standard deduction, union dues and expenses for health insurance coverage for the obligor's child.

The Supreme Court Guidelines provide for a nineteen percent to twenty-three percent of net resources for support of one minor child. The twenty percent of net resources, as ordered by the trial court, therefore was within the guidelines. Increases or decreases in future child support payments must be supported by evidence of the child's needs, or that the circumstances of the person affected by the order have materially and substantially changed since the entry of the order. Tex.Fam. Code Ann. sec. 14.08(c)(2) (Vernon Supp. 1988). *Abrams v. Abrams*, 713 S.W.2d 195 (Tex.App.—Corpus Christi 1986, no writ). The court found that at the time of the divorce, potential needs of the child supported the award of twenty percent of Appellant's net resources as child support. Ability of both parents to pay are also factors to be considered as well as the needs of the child. *Blazek v. Blazek*, 669 S.W.2d 347 (Tex.App.—Houston [14th Dist.] 1984, no writ). Tex.Fam.Code Ann. sec. 14.05 (Rule 2, Order of the Supreme Court of Texas Child Support Guidelines, Eff. Feb. 4, 1987). There is an apparent failure to take into consideration, in the court's provision, for future child support and the ability of "both" parents to contribute to that future support of the child. The evidence was that Appellee was grossing $3,000.00 per month and planning to continue to work after the divorce. The Supreme Court Guidelines state that in ar-

riving at the amount of child support, the court shall consider the ability of the parents to contribute to the child support. Tex.Fam.Code Ann., Rule 2(a), sec. 14.05. It is also provided in Rule 3(a), that an order of child support shall be based, in part, on the "net resources" of the obligor and obligee, which shall be considered by the court.

The final decree of divorce nunc pro tunc sets monthly child support at twenty percent of Appellant's "net resources" but wholly fails to set a minimum or maximum fixed dollar amount. In addition, it fails to consider both parents' future ability to pay and therefore renders the trial court's judgment vague, indefinite and unenforceable.

Point of Error No. One is sustained.

Point of Error No. Two asserts the trial court erred in its division of the community estate.

Appellant asserts the trial court abused its discretion in awarding Appellee a security interest in specific partnership property described as certain undeveloped real estate in Dallas and Garland. However, Appellant did not list the property as being partnership property in his filed inventory and never asserted such claim before the trial court. The complaint has not been preserved for appellate review. Tex. R.App.P. 52(a).

Appellant questions the value that the trial court placed on the "Carotex Partnership" interest as being too low. Appellant claims that the interest was worth $50,000.00 and not $10,000.00 as found by the trial court. He states that such finding is manifestly unjust, unfair and inequitable. When the record is examined, we find that the Carotex partnership interest was composed of oil and gas royalties. The $50,000.00 value of the partnership interest, was admittedly placed on the property by the Appellee at one time, but testimony explained the *diminished* value because the market had drastically fallen in recent times due to the decline in the oil and gas industry. Therefore, the trial court did not abuse its discretion in finding the lower value. *Orkin Exterminating Co., Inc. v. Resurreccion*, 740 S.W.2d 607 (Tex.App.—Fort Worth 1987, no writ). The court was entitled to consider the capacities and abilities of the parties, disparities in earning powers and business experience, and the nature of the property itself. *Duke v. Duke*, 605 S.W.2d 408 (Tex.Civ. App.—El Paso 1980, writ dism'd).

Point of Error No. Two is overruled.

The parties, in their briefs, have also made reference to a judgment entered prior to the entry of the "Final Decree of Divorce Nunc Pro Tunc." We have only concerned ourselves with the nunc pro tunc decree, since we consider it to have superseded the earlier judgment and is the only appealable judgment.

We affirm the judgment of the trial court except as to the provision of child support, which we reverse and remand to the trial court for redetermination consistent with this opinion.