TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00361-CV







Steven L. March, Appellant



v.



Texas Employment Commission, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT


NO. 92-117-C26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING







PER CURIAM


 After he became unemployed, appellant Steven L. March received unemployment
benefits of $224 per week from appellee Texas Employment Commission. In January 1992, the
Commission determined that March's benefits were subject to an order for withholding from
earnings for child support and reduced the benefits by $112 per week. (1) March appealed the
determination to the Commission's appeal tribunal, which upheld the determination, and then to
the Commission, which adopted the tribunal's findings of fact and conclusions of law and affirmed
its decision. See Texas Unemployment Compensation Act, Tex. Labor Code Ann. §§ 212.053,
.104 (West 1995) ("Labor Code"). March then filed his petition for judicial review of the
Commission order in the district court of Travis County. The district court affirmed the order,
concluding that it is supported by substantial evidence. See id. § 212.201. We will affirm the
trial-court judgment.

 Judicial review of a Commission order requires a trial de novo at which the trial
court determines whether substantial evidence existed to support the Commission's decision. 
Labor Code, § 212.202(a); Mercer v. Ross, 701 S.W.2d 830, 831 (Tex. 1986); Levelland Indep.
Sch. Dist. v. Contreras, 865 S.W.2d 474, 476 (Tex. App.--Amarillo 1993, writ denied); see Gerst
v. Nixon, 411 S.W.2d 350, 354 (Tex. 1966). Although substantial evidence is more than a mere
scintilla, it need not be a preponderance; in fact, the evidence may be substantial yet preponderate
the other way. Olivarez v. Aluminum Corp. of Am., 693 S.W.2d 931, 932 (Tex. 1985); see
generally Aetna Casualty & Sur. Co. v. State Bd. of Ins., 898 S.W.2d 930, 933 (Tex.
App.--Austin 1995, writ requested). The trial court looks only to the evidence admitted at trial
and not to the agency record. Mercer, 701 S.W.2d at 831; Contreras, 865 S.W.2d at 476. The
court may not set aside a Commission decision merely because the court would have reached a
different conclusion; the court may do so only if the decision were made without regard to the law
or facts and, therefore, is unreasonable, arbitrary, or capricious. Mercer, 701 S.W.2d at 831;
Mary Lee Found. v. Texas Employment Comm'n, 817 S.W.2d 725, 727 (Tex. App.--Texarkana
1991, writ denied).

 In points of error three, four, six, eight, nine, and ten, March effectively asserts
that the Commission order is not supported by substantial evidence because he did not have a child
support obligation for which the Commission could deduct amounts from unemployment benefits. 
The Commission is required to withhold a portion of benefits "from the benefits payable to an
individual that owes a child support obligation." Labor Code, § 207.093(a). A "`[c]hild support
obligation' includes only an obligation that is enforced under a plan described by . . . 42 U.S.C.
Section 654 . . . ." Labor Code, § 207.091(2); see 42 U.S.C. 503(e)(1) (1988) ("child support
obligation" includes only obligations being enforced pursuant to plan described in section 654). 
Section 654 provides for state establishment of a plan to collect child support. 42 U.S.C. § 654
(1988 & Supp. 1993). The Office of the Attorney General is the agency designated to provide
the services required by section 654. Act of Apr. 6, 1995, 74th Leg., R.S., ch. 20, § 1, 1995
Tex. Sess. Law Serv. 113, 247 (West) (to be codified at Tex. Fam. Code Ann. § 231.001); 1 Tex.
Admin. Code § 55.4(a) (West 1995).

 March's argument under these points centers on whether the Commission met the
"legal process" component of a child support obligation. In pertinent part, section 654 requires
an agency to enforce a child support obligation of a benefits recipient "by bringing legal process
(as defined in section 662(e) of this title) to require the withholding of amounts from such
compensation . . . ." 42 U.S.C. § 654(19)(A), (B)(ii) (1988 & Supp. 1993). (2)



"Legal process" means any writ, order, summons or other similar process in the
nature of garnishment, which--


(1) is issued by (A) a court of competent jurisdiction within any State . . . of the
United States, . . . or (C) an authorized official pursuant to an order of such
a court of competent jurisdiction or pursuant to State or local law, and


(2) is directed to, and the purpose of which is to compel, a governmental entity,
which holds moneys which are otherwise payable to an individual, to make
a payment from such moneys to another party in order to satisfy a legal
obligation of such individual to provide child support . . . .



42 U.S.C. § 662(e) (1988); see Labor Code, § 207.093(d) ("legal process" in § 207.093 has
meaning assigned by § 662).

 Upon application, the attorney general may provide enforcement of child support
orders for the benefit of a child regardless whether the child has received public assistance. Act
of July 14, 1989, 71st Leg., 1st C.S., ch. 25, § 38, 1989 Tex. Gen. Laws 74, 89 (Tex. Hum.
Res. Code Ann. § 76.004(a), since repealed and recodified at Tex. Fam. Code Ann.
§§ 231.101(5), .102). (3) An application for child support services is an assignment of the support
rights. Id. (Tex. Hum. Res. Code Ann. § 76.004(a), to be codified at Tex. Fam. Code Ann. §
231.104(b)). Child support payments are then payable, and are to be sent, to the attorney general.

 The evidence adduced at trial shows that March owed child support in the amount
of $241 per week beginning on February 4, 1991. The support was to be paid through the office
of the District Clerk of Williamson County, pursuant to an order of income withholding from
earnings directed to March's employer. At trial, March testified that at the Commission hearing
he testified that he had a child support obligation but that he did not know that a child support
obligation did not include all orders to pay child support. He testified further that the attorney
general "enforce[d] his child support obligation," that he owed the support for which the
Commission withheld benefits and that the amount withheld did not result in an overpayment of
support. An assistant attorney general testified that the Commission and the attorney general
consider a child support obligation to exist any time the attorney general becomes involved in
enforcing an obligation to pay child support. March offered, and the court admitted, into evidence
a copy of a completed "Williamson County District Clerk's Request for Issuance of Withholding
Order" that lists the Commission as the "employer" and that was mailed to the Commission.

 As defined, a "child support obligation" is one enforced through legal process as
defined in section 662(e). Labor Code, § 207.091(2). When Gail March applied for child-support-enforcement services, she assigned her right to child support to the attorney general. See
Act of July 14, 1989, 71st Leg., 1st C.S., ch. 25, § 38, 1989 Tex. Gen. Laws 74, 89 (Tex. Hum.
Res. Code Ann. 76.004(a), repealed and recodified at Tex. Fam. Code Ann. § 231.104(b)). The
attorney general then sought an order of withholding directed to the Commission. The preceding
evidence is some evidence that March had a child support obligation within the meaning of section
207.091. Accordingly, substantial evidence supports the Commission's order. See Mercer, 701
S.W.2d at 831. We overrule points of error three, four, six, eight, nine and ten.

 In points of error one and two, March complains that the trial court erred in
admitting into evidence a copy of the notice of assignment of Gail March's child support benefits
to the attorney general and concluding that the notice was the equivalent of a motion to enforce. 
At the end of the hearing, the trial court asked the parties to submit trial briefs and stated that it
would rule in a telephone conference after considering the briefs. Attached as exhibit "B" to the
Commission's brief is a copy of the notice of assignment, certified by the district clerk of
Williamson County.

 To show error in the admission of evidence, March must show not only that the
trial court's admission was erroneous but also that the error was calculated to cause, and did
cause, rendition of an improper judgment. Tex. R. App. P. 81(b)(1); McCraw v. Maris, 828
S.W.2d 756, 757 (Tex. 1992). A complainant must usually show that the judgment turns on the
particular evidence admitted. City of Brownsville v. Alvarado, 897 S.W.2d 750, 753-54 (Tex.
1995). Under the applicable standard of review, the evidence apart from the notice of assignment
is sufficient to support the agency's decision. Accordingly, we overrule points one and two. (4)

 In point of error five, March asserts that the trial court erred in affirming the
Commission order because the amount of benefits withheld exceeds the limits established in the
Consumer Credit Protection Act. 15 U.S.C. § 1673(b)(1)(A), (2) (1994). This provision applies
to "earnings" subject to garnishment, which is "any legal or equitable procedure through which
the earnings of any individual are required to be withheld for payment of any debt." 15 U.S.C.
§ 1672(c) (1994). "`[E]arnings' means compensation paid or payable for personal services,
whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic
payments pursuant to a pension or retirement program." 15 U.S.C. § 1672(a) (1988). The
maximum limit on the amount garnished is a percentage of disposable earnings, defined as "that
part of the earnings of any individual remaining after the deduction from those earnings of any
amounts required by law to be withheld." 15 U.S.C. § 1672(b) (1994); see 15 U.S.C. §
1673(b)(2) (1994). 

 March asserts that the Commission withheld too large a percentage of his benefits
because it based the amount withheld, $112, on the total amount of the benefits, $224. Although
the parties dispute whether benefits are "earnings," we need not decide this question. If benefits
were earnings, the amount of disposable earnings as defined in section 1672(b) is $224. 
"Disposable earnings" are defined in terms of an amount that the payer must withhold from the
amount paid and not in terms of any amount on which the payee must pay taxes. See 26 U.S.C.
§ 85 (gross income includes employment compensation). March directs us to, and we find, no
provision that requires the Commission to withhold any amounts from the benefits received. See
26 U.S.C. § § 3401 (1988 & Supp. 1993), 3402(a) (1988); see generally, 47B C.J.S. Internal
Revenue § 802 (1995). The amount withheld is fifty percent of March's disposable earnings and
is within the maximum set by the Consumer Credit Protection Act. See 15 U.S.C. § 1673(B)
(1988). We overrule point of error five.

 In point of error seven, March contends that the trial court erred in affirming the
Commission order because the court erred in concluding that the Commission did not violate the
child-support provisions of the Family Code. The code required a court to order income withheld
from the obligor's disposable earnings for payment of child support, to be paid through the
attorney general's office. Act of May 15, 1987, 70th Leg., R.S., ch. 221, § 10, 1987 Tex. Gen.
Laws 1511, 1514 (Tex. Fam. Code Ann. § 14.05(e), repealed and recodified at Tex. Fam. Code
Ann. § 154.007); Act of Sept. 2, 1986, 69th Leg., 2nd C.S., ch. 10, § 7, 1986 Tex. Gen. Laws
15, 17 (Tex. Fam. Code Ann. § 14.43(a), (b), repealed and recodified at Tex. Fam. Code §§
158.001, .006) The court may order "up to a maximum amount of 50 percent of the obligor's
disposable earnings" withheld. Act of Sept. 2, 1986, 69th Leg., 2nd C.S., ch. 10, § 7, 1986 Tex.
Gen. Laws 15, 18 (Tex. Fam. Code Ann. § 14.43(f), repealed and recodified at Tex. Fam. Code
§ 158.009) (emphasis added).

 Disposable earnings are "that part of the earnings of any individual remaining after
the deduction from those earnings of any amounts required by law to be withheld, union dues,
nondiscretionary retirement contributions, and medical, hospitalization, and disability insurance
coverage for the obligor and his . . . children." Act of May 25, 1985, 69th Leg., R.S., ch. 232,
§ 9, 1985 Tex. Gen. Laws 1158, 1160-61 (Tex. Fam. Code Ann. § 14.30(a)(2), repealed and
recodified at Tex. Fam. Code § 101.010); Eubanks v. Eubanks, 892 S.W.2d 181, 183 (Tex.
App.--Houston [14th Dist.] 1994, no writ). Again, the evidence adduced at trial does not show
any deductions that would reduce the amount of disposable earnings to less than $224. (5) Because
the amount withheld was fifty percent of disposable earnings, the amount did not exceed the
maximum allowable.

 However, March urges that the amount exceeds fifty percent of his net resources. 
"Net resources" are a person's total income less taxes, union dues, and health insurance expenses
and any additional factors that increase or decrease the person's ability to pay child support. Act
of May 29, 1993, 73rd Leg., R.S., ch. 766, § 8, 1993 Tex. Gen Laws 2989, 2996-97 (Tex. Fam.
Code Ann. § 14.053(b), repealed and recodified at Tex. Fam. Code § 154.062); Kish v. Kole, 874
S.W.2d 835, 838 (Tex. App.--Beaumont 1994, no writ). "Disposable earnings are different . . .
than net resources." Starck v. Nelson, 878 S.W.2d 302, 309 (Tex. App.--Corpus Christi 1994,
no writ). Net resources are a factor in determining the amount of child support a person is
obligated to pay but are not a factor in determining an amount to be withheld from earnings. See,
e.g. Rodriguez v. Rodriguez, 860 S.W.2d 414, 415 (Tex. 1993); State v. Nelson, 783 S.W.2d
635, 637 (Tex. App--Houston [14th Dist.] 1989, writ denied). To base an order for withholding
on net resources would give an employer "the impractical, if not unworkable, task of determining
what the `net resources' of" an obligor are. Euston v. Euston, 759 S.W.2d 788, 789 (Tex.
App.--El Paso 1988, no writ). Accordingly, whether the amount withheld exceeded fifty percent
of net resources is not a relevant inquiry. We overrule the seventh point of error.

 In points of error eleven and twelve, March raises procedural due process claims,
asserting that the Commission's notice of claim determination was insufficient notice of
withholding from his benefits. U.S. Const. amend. XIV; Tex. Const. art. I, § 19; see Sniadach
v. Family Fin. Corp., 395. U.S. 337, 341-42 (1969) (procedure that allowed garnishment of
wages absent notice and prior hearing violated due process). On January 7, 1992, the
Commission mailed a "Notice of Claim Determination" stating that March's weekly benefits
would be reduced by the amount of $112 per week for child support payments effective January
6, 1992. The notice provided information about March's rights to appeal the determination,
including the deadline and procedures for filing an appeal, and stated that payments would be
made or denied immediately in accordance with the determination. March first received reduced
benefits on February 9. He filed his appeal of the determination on January 9. The appeal
tribunal affirmed the determination on February 19; the Commission affirmed the appeal tribunal's
decision on April 15.

 "Procedural due process involves the preservation of both the appearance and
reality of fairness so that `no person will be deprived of his interests in the absence of a
proceeding in which he may present his case with assurance that the arbiter is not predisposed
against him.'" Pickell v. Brooks, 846 S.W.2d 421, 426 (Tex. App.--Austin 1992, writ denied)
(quoting Marshall v. Jerrico, Inc., 446 U.S. 238, 242 (1980)). The right to be heard and the right
to be told why are distinct from any right to a different outcome. Pickell, 846 S.W.2d at 426. 
A due-process analysis begins with a determination whether the government's deprivation of a
personal interest warrants procedural due-process protection. Id. The interest may be either a
"core" interest, i.e., a life, liberty, or vested property interest, or an interest that stems from
independent sources such as state law. See Board of Regents v. Roth, 408 U.S. 564, 577 (1972);
Perry v. Sindermann, 408 U.S. 593, 601 (1972). The analysis next determines what process is
due, with courts looking almost exclusively to the Constitution for guidance. Cleveland Bd. of
Educ. v. Loudermill, 470 U.S. 532, 541 (1985).

 Any right to unemployment benefits derives from statute. See Labor Code,
§§ 207.002 (amount of benefits for total unemployment), .021 (eligibility for benefits). The
Labor Code also requires the Commission to withhold from benefits "any amount required to be
withheld under legal process properly served on the Commission." Labor Code, § 207.093(a)(1). 
Under applicable statutory provisions, March had a right to receive only the amounts of benefits
due less the amount required to be withheld. The Commission did not retain the amounts withheld
but transmitted them to the attorney general for payment of March's child-support obligation. See
Labor Code, § 207.093(b). (6)

 Furthermore, the notice and hearing procedures available to March were sufficient
to satisfy due process concerns. Although the effective date preceded the date of mailing of the
notice, the Commission did not withhold benefits until February 9. Procedures were available by
which March contested the determination. We overrule points of error eleven and twelve.

 In points of error thirteen through fifteen, March asserts that the trial court erred
in concluding that the doctrines of sovereign immunity, equitable estoppel, and unjust enrichment
barred him from recovering the amount deducted from this unemployment benefits. Because the
trial court affirmed the Commission's order, the trial court did not have to consider these issues. 
Similarly, we need not address points of error thirteen through fifteen.

 Having concluded that substantial evidence supports the Commission order and
having overruled March's points of error, we affirm the judgment of the district court.


Before Chief Justice Carroll, Justices Jones and B. A. Smith

Affirmed

Filed: October 25, 1995

Do Not Publish 

1. [1]  All citations in this opinion are to the current Texas Unemployment Compensation Act
because the codification into the Texas Labor Code, effective September 1, 1993, did not
substantively change the law. Act of May 12, 1993, 73rd Leg., R.S., ch. 269. §§ 6, 8, 1993 Tex.
Gen. Laws 987, 1273.
2. [2]  Under point of error four, March also asserts that substantial evidence does not support a
finding of an agreement to withhold benefits. See Labor Code, § 207.093(a)(2), (3); 42 U.S.C.
§ 654(19)(B)(i) (1988 & Supp. 1993). However, the existence of an agreement is not necessary
to affirm the trial-court judgment affirming the Commission decision.
3.   All citations in this opinion are to the version of the Texas Family Code applicable
to this proceeding. The Family Code was recodified effective April 20, 1995; proceedings
pending before that date are governed by the law in effect at the time the proceeding was
begun. Act of Apr. 6, 1995. 74th Leg., R.S., ch. 20, §§ 3(a), 4, 1995 Tex. Sess. Law Serv.
113, 282 (West).
4. [4]  We note that the trial briefs, and therefore the notice of assignment, are included in the
transcript. Generally, trial briefs are not properly part of the transcript. See Tex. R. Civ. P.
376a app. para. (a); Southwest Airlines Co. v. Texas High--Speed Rail Auth., 867 S.W.2d 154, 

159 n.9 (Tex. App.--Austin 1993, writ denied); see generally 6 Richard Orsinger, Texas Civil
Practice § 15.5[a] (Diane M. Allen et al. eds., 1992 ed). The trial briefs should properly have
been tendered to this Court pursuant to an order to transmit documents, Tex. R. App. P. 51(d),
and the exhibit as part of the statement of facts from the hearing. Adams v. Transportation Ins.
Co., 845 S.W.2d 323, 327 (Tex. App.--Dallas 1992, no writ).
5. [5]  For this purpose, "earnings" include unemployment benefits. Act of May 25, 1993, 73rd
Leg., R.S., ch. 798, § 9, 1993 Tex. Gen. Laws 3169, 3173 (Tex. Fam. Code Ann. § 14.30(a)(1),
repealed and recodified at Tex. Fam. Code § 101.011).
6. [6]  This section provides:


The commission shall pay the amount withheld . . . to the appropriate state or local
child support enforcement agency. The amount withheld shall be treated for all
purposes as if it were benefits paid to the individual and paid by the individual to the
state or local child support enforcement agency in satisfaction of the individual's
child support obligation.


Tex. Labor Code Ann. § 207.093(b) (West 1995).


ermill, 470 U.S. 532, 541 (1985).

 Any right to unemployment benefits derives from statute. See Labor Code,
§§ 207.002 (amount of benefits for total unemployment), .021 (eligibility for benefits). The
Labor Code also requires the Commission to withhold from benefits "any amount required to be
withheld under legal process properly served on the Commission." Labor Code, § 207.093(a)(1). 
Under applicable statutory provisions, March had a right to receive only the amounts of benefits
due less the amount required to be withheld. The Commission did not retain the amounts withheld
but transmitted them to the attorney general for payment of March's child-support obligation. See
Labor Code, § 207.093(b). (6)

 Furthermore, the notice and hearing procedures available to March were sufficient
to satisfy due process concerns. Although the effective date preceded the date of mailing of the
notice, the Commission did not withhold benefits until February 9. Procedures were available by
which