ACCEPTED
05-15-00876-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
10/5/2015 12:00:00 AM
LISA MATZ
CLERK

# JOHN D. NATION

ATTORNEY AT LAW

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
10/4/2015 3:27:04 PM
LISA MATZ
Clerk

October 4, 2015

Hon. Lisa Matz
Clerk, Fifth District Court of Appeals
600 Commerce, Suite 200
Dallas, Texas 75202

RE: 05-15-00876-CV, In the Interest of S.A.W., a Child.

### LETTER BRIEF IN RESPONSE TO JURISDICTIONAL INQUIRY

This Court has questioned its jurisdiction over this appeal. According to the inquiry sent to counsel, the instant judgment nunc pro tunc, though signed July 10, 2015, by its terms became effective on the earlier date of May 22, 2015. Citing *In re Z.N.H.*, 280 S.W.3d 481, 486 (Tex. App.—Eastland 2009, no pet.), the Court suggests that Appellant's notice of appeal is untimely.

First, Appellant does not understand the Court to question any other aspect of the judgment nunc pro tunc as to appealability. A valid judgment nunc pro tunc that replaces an earlier order is appealable, *see Euston v. Euston*, 759 S.W.2d 788, 790 (Tex. App.—El Paso 1988), whereas an order denying nunc pro tunc is not. *Shadowbrook Apts. v. Abu-Ahmad*, 783 S.W.2d 210, 211 (Tex. 1990).

*Z.N.H.* does not concern the time for appealing a nunc pro tunc judgment. It does state, as a general proposition, that a judgment nunc pro tunc relates to an earlier judgment and is effective as of the earlier date. *Z.N.H.* does not hold, as the Court's jurisdictional inquiry suggests, that because a nunc pro tunc judgment relates to an earlier judgment, the nunc pro tunc judgment is appealable only if the notice of appeal is filed within 30 days of the earlier judgment. In fact, *Z.N.H.* is not an appeal from a judgment nunc pro tunc at all.

| | | | |
|---|---|---|---|
| 4925 Greenville Avenue, Suite 200 Dallas, Texas 75206 | PHONE | 214-800-5160 | |
| | FAX | 888-507-8150 | |
| | EMAIL | nationlawfirm@gmail.com | |

The proposition underlying the jurisdictional inquiry would certainly alter the existing law. If the proposition that a judgment nunc pro tunc is effective as of the date of the earlier judgment, and thus a notice of appeal filed within 30 days of the judgment nunc pro tunc, but not within 30 days of the earlier judgment is untimely, then there would be far fewer appeals from judgments nunc pro tunc, especially if the later judgment came after the court's plenary power expired. Moreover, the proposition underlying the inquiry appears to conflict with Tex. R. Civ. P. 306a (6), which provides that when a corrected judgment is signed after the expiration of the court's plenary power, the time period for various motions runs from the date of signing the corrected judgment (for any compliant inapplicable to the original document) and Tex. R. App. Pro. 4.3 (b) (to the same effect).

Appellant submits that if the Court has further questions concerning its jurisdiction, that it order the issue briefed by the parties during this appeal. Otherwise, Appellant submits that this Court does possess jurisdiction over this appeal.

Very truly yours,

John D. Nation
Counsel for Appellant

Cc: Ms. Deborah Pritchett, Counsel for Appellee, via electronic filing system